## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANITA LANN and JEAN ATCHERSON, on behalf of themselves, individually, and on behalf of all others similarly situated, and on behalf of the Trinity Plans, ) ) ) ) ) ) ) | Civil No. <u>14-cv-2237</u><br><br>Judicial Officer: _____ |
| Plaintiffs, ) ) ) | |
| v. ) ) | **CLASS ACTION COMPLAINT** |
| TRINITY HEALTH CORPORATION, an Indiana Non-profit Corporation, CHE TRINITY INC., an Indiana Non-Profit Corporation, JAMES BOSSCHER, an individual, DEBRA CANALES, an individual, JOHN and JANE DOES 1-20, MEMBERS OF THE TRINITY HEALTH CORPORATION BENEFITS COMMITTEE, each an individual; JOHN and JANE DOES 21-40, MEMBERS OF THE TRINITY HEALTH HUMAN RESOURCES AND COMPENSATION COMMITTEE, each an individual; JOHN and JANE DOES 41-60, each an individual, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CLAIM OF UNCONSTITUTIONALITY** |
| Defendants. | |

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................1

II. JURISDICTION AND VENUE ................................................4

III. PARTIES ...........................................................................6

IV. THE BACKGROUND OF THE CHURCH PLAN
    EXEMPTION ...................................................................11

    A.  The Adoption of ERISA...............................................11

    B.  The Scope of the Church Plan Exemption in 1974 ...........12

    C.  The Changes to the Church Plan Exemption in 1980 ........13

V.  Trinity .............................................................................18

    A.  Trinity's Operations ...................................................18

    B.  Trinity's Consolidation with Catholic Health East ...........22

    C.  Trinity's Plans ..........................................................22

        1.  Trinity's Plans Meet the Definition of an ERISA
            Defined Benefit Plan.............................................23

        2.  Trinity is the Plan Sponsor of the Trinity Plan and
            all Defendants were Fiduciaries of the Retirement
            Plan....................................................................26

        3.  The Trinity Plans Are Not Church Plans .................30

            a.  Only Two Types of Plans May Qualify as
                Church Plans and the Trinity Plans are
                Neither .......................................................30

            b.  Even *if* the Trinity Plans Could Otherwise
                Qualify as Church Plans under ERISA
                Sections 3(33)(A) or (C)(i), They are

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Excluded From Church Plan Status under
ERISA Section 3(33)(B)(ii) .......................................... 38

c.  Even if the Trinity Plans Could Otherwise
Qualify as Church Plans under ERISA, the
Church Plan Exemption, as Claimed By
Trinity, Violates the Establishment Clause
of the First Amendment of the Constitution,
and Is Therefore Void and Ineffective ......................... 39

VI.  CLASS ALLEGATIONS ................................................................. 40

A.  Numerosity ............................................................................ 41

B.  Commonality ......................................................................... 42

C.  Typicality .............................................................................. 42

D.  Adequacy ............................................................................... 43

E.  Rule 23(b)(1) Requirements ................................................. 44

F.  Rule 23(b)(2) Requirements ................................................. 44

G.  Rule 23(b)(3) Requirements ................................................. 44

VII.  CAUSES OF ACTION .................................................................... 46

COUNT I ............................................................................................. 46

(Claim for Equitable Relief Pursuant to ERISA Sections
502(a)(2) and 502(a)(3) Against Defendant
Trinity) ................................................................................. 46

COUNT II ............................................................................................ 48

(Claim for Violation of Reporting and Disclosure
Provisions Against Defendant Trinity) ................................. 48

1.  Summary Plan Descriptions ................................................. 48

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

2.      Annual Reports ......................................................48

3.      Summary Annual Reports....................................49

4.      Notification of Failure to Meet Minimum Funding................50

5.      Funding Notices .....................................................51

6.      Pension Benefit Statements...............................51

COUNT III.........................................................................52

(Claim for Failure to Provide Minimum Funding Against
        Defendant Trinity)................................................52

COUNT IV .........................................................................53

(Claim for Failure to Establish the Plans Pursuant to a
        Written Instrument Meeting the Requirements of
        ERISA Section 402 Against Defendant Trinity) ...................53

COUNT V.............................................................................54

(Claim for Failure to Establish a Trust Meeting the
        Requirements of ERISA Section 403 Against
        Defendant Trinity)................................................54

COUNT VI .........................................................................54

(Claim for Clarification of Future Benefits Under ERISA
        §§ 502(a)(1)(B) and 502(a)(3) Against Defendant
        Trinity) ..........................................................54

COUNT VII .......................................................................55

(Claim for Civil Money Penalty Pursuant to ERISA
        Section 502(a)(1)(A) Against Defendant Trinity).................55

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

COUNT VIII ........................................................................................57

    (Claim for Breach of Fiduciary Duty Against All
        Defendants) ............................................................57

    1.    Breach of the Duty of Prudence and Loyalty ........................57

    2.    Prohibited Transactions ..........................................59

    3.    Failure to Monitor Fiduciaries ...............................60

COUNT IX .........................................................................................63

    (Claim for Declaratory Relief That the Church Plan
        Exemption Violates the Establishment Clause of
        the First Amendment of the Constitution, and Is
        Therefore Void and Ineffective) ...........................63

VIII.  PRAYER FOR RELIEF ............................................................67

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Plaintiffs Anita Lann and Jean Atcherson, individually and on behalf of all those similarly situated, as well as on behalf of the Trinity Plans, as defined herein, by and through their attorneys, hereby allege as follows:

## I.   INTRODUCTION

1.     Defendant Trinity Health Corporation, by and through its subsidiaries and/or affiliates ("Trinity" or "Defendant"), operates a hospital conglomerate in 10 states and provides healthcare services.

2.     This case is about whether Trinity properly maintains its pension plans under The Employee Retirement Income Security Act ("ERISA").  As demonstrated herein, Trinity fails to do so, to the detriment of its 56,000 employees who deserve better.

3.     As its name implies, ERISA was crafted to protect employee retirement funds.  A comprehensive history of ERISA put it this way:

> Employees should not participate in a pension plan for many years only to lose their pension  . . . because their plan did not have the funds to meet its obligations.  The major reforms in ERISA—fiduciary standards of conduct, minimum vesting and funding standards, and a government-run insurance program—aimed to ensure that long-service employees actually received the benefits their retirement plan promised.

James Wooten, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, at 3 (U. Cal. 2004).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

4.      This class action is brought on behalf of all participants and beneficiaries of defined benefit pension plans that are established, maintained, administered, or sponsored by Trinity, or by Trinity's committees, and claim to be "Church Plans" under ERISA (collectively referred to as the "Trinity Plans" or simply the "Plans").

5.      Trinity is violating numerous provisions of ERISA—including underfunding the Trinity Plans by over $600 million—while erroneously claiming that the Plans are exempt from ERISA's protections because they are "Church Plans."  But none of the Trinity Plans meet the definition of a Church Plan because Trinity plainly is not a church or a convention or association of churches and because none of the Trinity Plans were established by a church or convention or association of churches.  That should be the end of the inquiry under ERISA, resulting in a clear finding that the Trinity Plans are not Church Plans.

6.      Even if a non-church entity such as Trinity were able to establish its own Church Plan, however, Trinity could not because substantially all of the participants in the Plans are *not* employed by either a church or an organization that is controlled by or associated with a church, within the meaning of ERISA. Trinity is not controlled by a church, as the evidence will show.  Trinity also is not "associated with" a church within the meaning of ERISA because it does not, as ERISA requires, "share common religious bonds and convictions" with a church.

CLASS ACTION COMPLAINT
PAGE - 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

7.     A sampling of facts reveals Trinity to be a non-profit healthcare conglomerate, not unlike other non-profit healthcare conglomerates with whom Trinity has chosen to compete in its commercial healthcare activities.  Trinity is not owned or operated by a church and does not receive funding from a church. No denominational requirement exists for Trinity employees.  In choosing to recuit and hire from the population at large, Trinity must also be willing to accept neutral, generally applicable regulations, such as ERISA, imposed to protect those employees' legitimate interests.

8.     Through various business ventures, Trinity owns and/or operates healthcare facilities that claim to be secular and have no relationship with any church.

9.     The Church Plan exemption, if extended to Trinity under these facts, would require the Court to evaluate many levels of evidence to determine whether Trinity shares common religious bonds and convictions with a church, which Plaintiffs dispute.

10.     Moreover, if the Court weighed all the evidence and determined that Trinity shares common religious bonds and convictions with a church, extension of the Church Plan exemption would be an unconstitutional accommodation under the Establishment Clause of the First Amendment.  Trinity claims, in effect, that the participants in its defined benefit pension plan must be exempted from ERISA

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

protections, and Trinity must be relieved of its ERISA financial obligations,

because Trinity claims certain religious beliefs.  The Establishment Clause,

however, does not allow such an economic preference for Trinity, and burden-

shifting to Trinity employees.  Extension of the Church Plan exemption to Trinity

would be unconstitutional under Supreme Court law because it: (A) is not

necessary to further the stated purposes of the exemption; (B) harms Trinity

workers; (C) puts Trinity competitors at an economic disadvantage; (D) relieves

Trinity of no genuine religious burden created by ERISA; and (E) creates more

government entanglement with alleged religious beliefs than compliance with

ERISA creates.

11.     Trinity's claim of Church Plan status for its defined benefit pension

plans fails under both ERISA and the First Amendment.  Plaintiffs seek an Order

requiring Trinity to comply with ERISA and afford the Class all the protections of

ERISA with respect to Trinity's defined benefit pension plans, as well as an Order

finding that the Church Plan exemption, as claimed by Trinity, is unconstitutional

because it violates the Establishment Clause of the First Amendment.

## II.   JURISDICTION AND VENUE

12.     **Subject Matter Jurisdiction.**  This Court has jurisdiction over this

action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the

CLASS ACTION COMPLAINT
PAGE - 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides

for federal jurisdiction of actions brought under Title I of ERISA.

13.     **Personal Jurisdiction.**  This Court has personal jurisdiction over all

Defendants because ERISA provides for nationwide service of process.  ERISA

section 502(e)(2), 29 U.S.C. § 1132(e)(2).  All of the Defendants are either

residents of the United States or subject to service in the United States, and the

Court therefore has personal jurisdiction over them.  The Court also has personal

jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would

all be subject to a court of general jurisdiction in Maryland as a result of

Defendants Trinity and CHE Trinity Inc. transacting business in, and/or having

significant contacts with this District through operation of Holy Cross Hospital in

this District.

14.     **Venue.**  Venue is proper in this District pursuant to ERISA section

502(e)(2), 29 U.S.C. § 1132(e)(2), because (a) some or all of the violations of

ERISA took place in this District, and/or (b) Defendants Trinity and CHE Trinity

Inc. may be found in this District through operation of Holy Cross Hospital in this

District.

15.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391

because Defendants Trinity and CHE Trinity Inc. systematically and continuously

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

do business in this District, and because a substantial part of the events or

omissions giving rise to the claims asserted herein occurred within this District.

## III.   PARTIES

### A.   Plaintiffs

16.     Plaintiff Anita Lann.  Plaintiff Anita Lann, a resident of Rockville,

Maryland, which is in Montgomery County, was an employee of Trinity from 1983 until

1998, and again from 2001 until 2009 at Holy Cross Hospital in Silver Spring, Maryland.

Plaintiff Lann is a participant in a pension plan maintained by Trinity because she is or

will become eligible for pension benefits under the Plan to be paid at normal retirement

age.  Additionally and alternatively, Plaintiff Lann has a colorable claim to benefits under

a pension plan maintained by Trinity and is a participant within the meaning of ERISA

section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action with

respect to the Trinity Plans pursuant to ERISA sections 502(a)(1)(A) and (B), (a)(2),

(a)(3), and (c)(1) and (3), 29 U.S.C. § 1132(a)(1)(A) and (B), (a)(2), (a)(3), and (c)(1) and

(3).

17.     Plaintiff Jean Atcherson.  Plaintiff Jean Atcherson was an employee

of Trinity from 2000 until 2010.  Plaintiff Atcherson is a participant in a pension

plan maintained by Trinity because she is or will become eligible for pension

benefits under the Plan to be paid at normal retirement age.  Additionally and

alternatively, Plaintiff Atcherson has a colorable claim to benefits under a pension

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

plan maintained by Trinity and is a participant within the meaning of ERISA

section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action

with respect to the Trinity Plans pursuant to ERISA sections 502(a)(1)(A) and (B),

(a)(2), (a)(3), and (c)(1) and (3), 29 U.S.C. § 1132(a)(1)(A) and (B), (a)(2), (a)(3),

and (c)(1) and (3).

## B.    Defendants

18.    Defendant CHE Trinity Inc. ("CHE Trinity").  Defendant CHE Trinity

Inc. is a 501(c)(3) non-profit corporation organized under, and governed by, the

Indiana code, including Article 17 thereof, the Indiana Nonprofit Corporation Act.

On information and belief, CHE Trinity also operates under the name "New Health

Ministry."  CHE Trinity is a new parent company resulting from the merger of

Defendant Trinity and Catholic Health East Inc.  CHE Trinity is the sole member

of Trinity.  As a result of the merger between Trinity and Catholic Health East Inc.,

CHE Trinity operates in 21 states and has 82 hospitals (including Holy Cross

Hospital in Silver Spring, Maryland), 89 continuing care facilities, and numerous

home health and hospice programs.  CHE Trinity has annual operating revenues of

approximately $13.3 billion and assets of approximately $19.3 billion.  The

combined organization employs more than 87,000 people.  Upon information and

belief, Defendant CHE Trinity's responsibilities include fiduciary oversight of the

Trinity Plans, including managing and exerting discretionary authority or control

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

over the assets of the Trinity Plans, and Defendant CHE Trinity is a fiduciary of

the Plans within the meaning of ERISA.  Plaintiffs reserve the right to name

Defendant CHE Trinity as a Plan Administrator defendant within the meaning of

ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(1), if facts are revealed in

discovery to suggest that Defendant CHE Trinity holds that role.

19.     Defendant Trinity.  Trinity is a 501(c)(3) non-profit corporation

organized under, and governed by, the Indiana code, including Article 17 thereof,

the Indiana Nonprofit Corporation Act.  Trinity is headquartered in Livonia,

Michigan.  Trinity is the employer responsible for maintaining the Trinity Plans

and is, therefore, the plan sponsor of the Trinity Plans within the meaning of

ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B).  Upon information and belief,

Defendant Trinity's responsibilities include fiduciary oversight of the Trinity

Plans, and Defendant Trinity is a fiduciary of the Plans within the meaning of

ERISA.

20.     Defendant James Bosscher.  Defendant Bosscher joined Trinity in

2002 and serves as Senior Vice President Treasury and Chief Investment Officer.

In 2010, Defendant Bosscher received reportable compensation of $656,674.

Upon information and belief, Defendant Bosscher's responsibilities include

fiduciary oversight of the Trinity Plans, and Defendant Bosscher is a fiduciary of

the Plans within the meaning of ERISA.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

21.     Defendant Debra Canales.  Defendant Canales served as an Executive Vice President and Chief Administrative Officer at Trinity.  After the formation of CHE Trinity, Defendant Canales assumed the role of Executive Vice President and Chief Culture and Talent Effectiveness Officer.  In 2010, Defendant Canales received reportable compensation of $720,373.  Upon information and belief, Defendant Canales's responsibilities include fiduciary oversight of the Trinity Plans, and Defendant Canales is a fiduciary of the Plans within the meaning of ERISA.

22.     Defendants John and Jane Does 1-20, Members of the Trinity Health Corporation Benefits Committee ("Trinity Benefits Committee").  Defendants John and Jane Does 1-20 are individuals who, through discovery, are found to be members of the Trinity Benefits Committee.  On information and belief, the members of the Trinity Benefits Committee are responsible for, among other things, appointing the administrator of the Trinity Plans, establishing the administrative structure of the Trinity Plans, and seeing to their overall operation. Plaintiffs therefore are informed and believe that the responsibilities of the members of the Trinity Benefits Committee include fiduciary oversight of the Trinity Plans, and that these Defendants are fiduciaries of the Plans within the meaning of ERISA.  Plaintiffs also reserve the right to name members of the Trinity Benefits Committee, as well as the Trinity Benefits Committee itself, as

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Plan Administrator defendants within the meaning of ERISA section 3(16)(A), 29

U.S.C. § 1002(16)(1), if facts are revealed in discovery to suggest that these

individuals hold that role.  These individuals will be added by name as Defendants

in this action upon motion by Plaintiffs at an appropriate time.

23.     Defendants John and Jane Does 21-40, Members of the Trinity Health

Human Resources and Compensation Committee ("Trinity HRCC").  Defendants

John and Jane Does 21-40 are individuals who through discovery are found to be

members of the Trinity HRCC.  The members of the Trinity HRCC are, on

information and belief, persons authorized by the Board of Trustees of Trinity to

act with respect to compensation matters.  Upon information and belief, the

responsibilities of the members of the Trinity HRCC include fiduciary oversight of

the Trinity Plans, and therefore these Defendants are fiduciaries of the Plans within

the meaning of ERISA. These individuals will be added by name as Defendants in

this action upon motion by Plaintiffs at an appropriate time.

24.     Defendants John and Jane Does 41-60.  Defendants John and Jane

Does 41-60 are individuals who through discovery are found to have fiduciary

responsibilities with respect to the Trinity Plans and are fiduciaries within the

meaning of ERISA.  These individuals will be added by name as Defendants in this

action upon motion by Plaintiffs at an appropriate time.  Defendants James

Bosscher, Debra Canales, members of the Trinity Benefits Committee, members of

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

the Trinity HRCC, and John and Jane Does 41-60 are referred to herein

collectively as the "Individual Defendants."

## IV.   THE BACKGROUND OF THE CHURCH PLAN EXEMPTION

## A.   The Adoption of ERISA

25.   Following years of study and debate, and broad bi-partisan support,

the Congress adopted ERISA in 1974, and the statute was signed into law by

President Ford on Labor Day of that year.  Among the factors that led to the

enactment of ERISA were the widely publicized failures of certain defined benefit

pension plans, especially the plan for employees of Studebaker Corporation, an

automobile manufacturing company which defaulted on its pension obligations in

1965. *See generally* John Langbein *et al*., PENSION AND EMPLOYEE BENEFIT LAW

78-83 (2010) ("The Studebaker Incident").

26.   As originally adopted in 1974, and today, ERISA protects the

retirement savings of pension plan participants in a variety of ways.  As to

participants in traditional defined benefit pension plans, such as the plans at issue

here, ERISA mandates, among other things, that such plans be currently funded

and actuarially sound, that participants' accruing benefits vest pursuant to certain

defined schedules, that the administrators of the plan report certain information to

participants and to government regulators, that the fiduciary duties of prudence,

diversification, loyalty, and so on apply to those who manage the plans, and that

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

the benefits promised by the plans be guaranteed, up to certain limits, by the Pension Benefit Guaranty Corporation.  *See, e.g.*, ERISA sections 303, 203, 101-106, 404-406, 409, 4007, 4022, 29 U.S.C. §§ 1083, 1053, 1021-1026, 1104-1106, 1109, 1307, 1322.

27.     ERISA is centered on pension plans, and particularly defined benefit pension plans, as is reflected in the very title of the Act, which addresses "retirement income security."  However, ERISA also subjects to federal regulation defined contribution pension plans (such as 401(k) plans) and welfare plans, which provide health care, disability, severance and related non-retirement benefits. ERISA section 3(34) and (1), 29 U.S.C. § 1002(34) and (1).

B.     **The Scope of the Church Plan Exemption in 1974**

28.     As adopted in 1974, ERISA provided an exemption from compliance for certain plans, in particular governmental plans and Church Plans.  Plans that met the statutory definitions were exempt from all of ERISA's substantive protections for participants.  ERISA section 4(b)(2), 29 U.S.C. § 1003(b)(2) (exemption from Title I of ERISA); ERISA section 4021(b)(3), 29 U.S.C. § 1321(b)(3) (exemption from Title IV of ERISA).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

29.    ERISA defined a Church Plan as a plan "established and maintained for its employees by a church or by a convention or associations of churches."[1]

30.    Under the 1974 legislation, although a Church Plan was required to be established and maintained by a church, it could also include employees of certain pre-existing agencies of such church, but only until 1982.  ERISA section 3(33)(C) (1974), 29 U.S.C. § 1002(33)(C) (1974) (current version as amended at 29 U.S.C. § 1002(33) (West 2013)).  Thus, under the 1974 legislation, a pension plan that was not established and maintained by a church could not be a Church Plan.  *Id.*

## C.    The Changes to the Church Plan Exemption in 1980

31.    Church groups had two major concerns about the definition of "Church Plans" in ERISA as adopted in 1974.  The first, and far more important, concern was that Church Plans after 1982 could not include the lay employees of agencies of a church.  The second concern that arose in the church community after 1974 was more technical.  Under the 1974 statute, all Church Plans, single-employer or multiemployer, had to be "established and maintained" by a church or a convention/association of churches.  This ignored the role of the churches' financial services organizations in the day-to-day management of the pension

---

[1]    ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A).  ERISA is codified in both the labor and tax provisions of the United States Code, titles 29 and 26 respectively.  Many ERISA provisions appear in both titles.  For example, the essentially identical definition of Church Plan in the Internal Revenue Code is found at 26 U.S.C. § 414(e).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

plans.  In other words, although Church Plans were "established" by a church, in practice they were often "maintained" and/or "administered" by a separate financial services organization of the church, usually incorporated and typically called a church "pension board."

32.     These two concerns ultimately were addressed when ERISA was amended in 1980 in various respects, including a change in the definition of "Church Plan."  Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), P.L. No. 96-364.  The amended definition is current law.

33.     As to the first concern (regarding lay employees of agencies of a church), Congress included a new definition of "employee" in subsection (C)(ii)(II) of section 3(33) of ERISA.  29 U.S.C. § 1002(33)(C)(ii)(II) (1980) (current version at 29 U.S.C. § 1002(33)(C)(ii)(II) (West 2013)).  As amended, an "employee" of a church or a convention/association of churches includes an employee of an organization "which is controlled by or associated with a church or a convention or association of churches."  *Id.*  The phrase "associated with" is then defined in ERISA section 3(33)(C)(iv) to include only those organizations that "share[] common religious bonds and convictions with that church or convention or association of churches."  29 U.S.C. § 1002(33)(C)(iv) (1980) (current version at 29 U.S.C. § 1002(33)(C)(iv) (West 2013)).  Although this new definition of "employee" permitted a "Church Plan" to include among its participants

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

employees of organizations controlled by or associated with the church or convention or association of churches, it remains the case that a plan covering such "employees" cannot qualify as a "Church Plan" unless it was "established by" the church or convention or association of churches.  ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A) (West 2013).

34.     As to the second concern (regarding plans "maintained by" a separate church pension board), the 1980 amendments spoke to the issue as follows:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, *the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits*, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

ERISA section 3(33)(C)(i) (1980), 29 U.S.C. § 1002(33)(C)(i) (1980) (emphasis added) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2013)).  Accordingly, under this provision, a plan "established" by a church or by a convention or association of churches could retain its "Church Plan" status even if the plan was "maintained by" a distinct organization, so long as (1) "the principal purpose or function of [the organization] is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits"; and (2) the

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

organization is "controlled by or associated with" the church or convention or association of churches. *Id*.

35.     This church "pension board" clarification has no bearing on plans that were not "established" by a church or by a convention or association of churches. Thus, a plan "established" by an organization "controlled by or associated with" a church would not be a "Church Plan" because it was not "established" by a church or by a convention or association of churches.

36.     Further, this "pension board" clarification has no bearing on plans that were not "maintained" by a church pension board.  Thus, even if a plan were "established" by a church, and even if it were "maintained by" an organization "controlled by or associated with" a church, such as a school, hospital, or publishing company, it still would not be a "Church Plan" if the principal purpose of the organization was other than the administration or funding of the plan.  In such plans, the plan is "maintained" by the school, hospital or publishing company, and usually through the human resources department of such entity.  It is not maintained by a church pension board:  No "organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits" maintains the plan. *Compare with* ERISA section 3(33)(C)(i), 29 U.S.C.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

§ 1002(33)(C)(i) (1980) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2013)).

37.     The requirements for Church Plan status under ERISA, both as originally adopted in 1974 and as amended in 1980 are, as explained above, very clear.  And there is no tension between the legislative history of the 1980 amendment and the amendment itself:  the Congress enacted exactly what it wanted to enact.  Fundamental to the scheme, both as originally adopted and as fine-tuned in 1980, was that neither an "affiliate" of a church (using the 1974 language) nor "an organization controlled by or associated with" a church (using the 1980 language) could itself establish a Church Plan.  Its employees could be *included* in a Church Plan, but if it sponsored its own plan, that was not a Church Plan.  With respect to "pension boards," the 1980 legislation simply clarified the long standing practice that churches could use their own financial organizations to manage their Church Plans.

38.     Unfortunately, in 1983, in response to a request for a private ruling, the Internal Revenue Service ("IRS") issued a short General Counsel Memorandum that misunderstood the statutory framework.  The author incorrectly relied on the "pension board" clarification to conclude that a non-church entity could sponsor its own Church Plan as long as the plan was managed by some "organization," that was controlled by or associated with a Church.  This of course

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

is not what the statute says, nor what Congress intended.  In any event, this mistake was then repeated, often in verbatim language, in subsequent IRS determinations and, after 1990, in Department of Labor determinations.  Under the relevant law, these private rulings may only be relied upon by the parties thereto, within the narrow confines of the specific facts then disclosed to the agencies, and are not binding on this Court in any event.  Moreover, the IRS and DOL interpretations of the statutory framework, as expressed in these private rulings, are not entitled to judicial deference because the rulings are conclusory, inconsistent, and lack meaningful analysis.

## V.   TRINITY

### A.   Trinity's Operations

39.    Defendant Trinity is an Indiana not-for-profit corporation organized under, and governed by, the Indiana code, including Article 17 thereof, the Indiana Nonprofit Corporation Act.

40.    Trinity is the 10th largest health system in the country and owns and operates 47 acute-care hospitals (35 owned and 12 managed), 432 outpatient clinics/facilities, 32 long-term facilities, numerous home health and hospice programs and senior housing communities.  As of its fiscal 2013 year end, Trinity had approximately $12.4 billion in assets, and operating revenues of approximately $9 billion.  Trinity's operating revenues place it on par with such 2013 Fortune 500

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

companies as Discover Financial Services, Principal Financial, BlackRock, Devon

Energy, Western Refining, Bed Bath & Beyond, MGM Resorts International, and

Estee Lauder, all of which had around $9 billion in operating revenues.

41.     In addition to its nationwide hospital network, Trinity has branched

out to include numerous subsidiaries and/or related entities, including a software

marketing company, a real estate rental company, and a condominium association.

42.     Trinity employs approximately 56,000 employees.

43.     Trinity has interests in, or signature or other authority over, financial

accounts in such foreign tax-havens as the Cayman Islands and Ireland.  It directly

or indirectly owns two captive insurance companies in the Cayman Islands:

Venzke Insurance Company, Ltd. and Loyola University of Chicago Insurance

Company ("LUCIC").

44.     Trinity entered the venture capital world in 2011 by investing in the

Heritage Healthcare Innovation Fund.  In this $167 million venture capital fund,

Trinity partners with for-profit, publicly-traded health care companies such as

Amedisys, Cardinal Health, Community Health Systems, Inc., LifePoint Hospitals,

and Vanguard Health Systems.

45.     Like other large non-profit hospital systems, Trinity relies upon

revenue bonds to raise money, and it has significant sums invested in, among other

things, fixed-income securities, equity securities, and hedge funds.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

46.    In 2012, Trinity settled a lawsuit brought the prior year by the Equal Employment Opportunity Commission ("EEOC"), which alleged that Trinity had a policy of denying or delaying severance payments to employees who signed severance agreements and then filed discrimination charges with the EEOC.

47.    The principle purpose or function of Trinity is not the administration or funding of a plan or program for the provisions of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches.

48.    The management of Trinity is comprised primarily of lay people, and Executive Officers of Trinity receive compensation in line with executive officers of other hospital systems.  For example, in 2010, the Trinity CEO received reportable compensation of $3,645,385.  Trinity also reimbursed its high-level employees that year for such items as country club memberships, personal trainer expenses, airline hospitality clubs, health club memberships, first class travel upgrades, financial planning, tax preparation fees, cell phones, and spousal travel.

49.    Trinity is not a church or convention or association of churches.

50.    Trinity is not owned by a church.

51.    Trinity does not receive funding from a church.

52.    Trinity does not claim that any church has any liability for Trinity's debts or obligations.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

53.     No church has any role in the governance of Trinity.

54.     No church has any role in the maintenance and/or administration of the Trinity Plans.

55.     Trinity specifically chooses not to impose any denominational requirement on its employees.

56.     Trinity has no denominational requirement for its patients and/or clients.

57.     Trinity does not ordain ministers or priests after completing prescribed studies.

58.     Trinity does not maintain a regular congregation or congregations.

59.     Trinity does not conduct regular religious services.

60.     Trinity does not maintain Sunday schools for religious instruction of the young.

61.     Trinity does not maintain schools for the preparation of ministers or priests.

62.     The principal purpose of Trinity is not to disseminate or promulgate the doctrinal code of any religion.

63.      Trinity purports to disclose, and not keep confidential, its own highly complex financial records.  For example, Trinity is required and in some cases has voluntarily elected to comply with a broad array of elaborate state and federal

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

regulations and reporting requirements, including Medicare and Medicaid.  In addition, Trinity makes public its consolidated financial statements, which describe Trinity's representations as to its own highly complex operations and financial affairs.  Finally, Trinity financial information is regularly disclosed to the rating agencies and the public when tax-exempt revenue bonds are issued.

**B.      Trinity's Consolidation with Catholic Health East**

64.      Trinity became part of an even larger healthcare conglomerate in May 2013 when it merged with Catholic Health East to form CHE Trinity Inc.  As a result of the merger, CHE Trinity Inc. is now the parent entity and sole member of Trinity.  The combined organization operates in 21 states coast-to-coast, with 82 hospitals, 89 continuing care facilities, and numerous home health and hospice programs.  It has annual operating revenues of approximately $13.3 billion and assets of approximately $19.3 billion.

**C.      Trinity's Plans**

65.      Trinity established and maintains the Trinity Plans.

66.      Trinity has the power to continue, amend or terminate the plans.

67.      The Trinity Plans are non-contributory defined benefit pension plans covering substantially all of Trinity's employees.

68.      The Trinity Plans are cash balance plans, whereby the accrued benefits are reflected as a hypothetical account balance.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

69.     Upon information and belief, as of June 30, 2013, the Trinity Plans were underfunded by approximately $600 million.

**1.     Trinity's Plans Meet the Definition of an ERISA Defined Benefit Plan**

70.     The Trinity Plans are plans, funds, or programs that were established and are maintained by Trinity and which by their express terms and surrounding circumstances provide retirement income to employees and/or result in the deferral of income by employees to the termination of their employment or beyond.  As such, the Trinity Plans meet the definition of "employee pension benefit plans" within the meaning of ERISA section 3(2)(A), 29 U.S.C. § 1002(2)(A).

71.     The Trinity Plans do not provide for an individual account for each participant and do not provide benefits based solely upon the amount contributed to a participant's account.  As such, the Trinity Plans are defined benefit plans within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35), and are not individual account plans or "defined contribution plans" within the meaning of ERISA section 3(34), 29 U.S.C. § 1002(34).

72.     The Trinity Plans are cash balance plans because they compute accrued benefits by reference to hypothetical accounts balance or equivalent amounts and are therefore required to comply with the special rules for cash balance plans, including but not limited to ERISA § 203(f)(2), 29 U.S.C. §

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1053(f)(2),which requires that any employee who has completed at least 3 years of service has a nonforfeitable right to 100 percent of the employee's accrued benefit derived from employer contributions.   In other words, the maximum vesting period allowable for a cash balance plan is 3 years.

73.     Currently the Trinity Plans are being operated in violation of ERISA §§ 203(a)(2) and (f)(2), 29 U.S.C. §§ 1053(a)(2) and (f)(2), because they require participants in the Plans to complete 5 years of service to be vested.

74.     Indeed, communications provided to participants by the Plan Administrator state "You are vested in the Pension Benefit portion of your Plan benefit once you earn five (5) years of Vesting Service or attain age 65 while still actively working at a Trinity Health institution, whichever comes first."

75.     The Defendants Meet the Definition of ERISA Fiduciaries

76.     Nature of Fiduciary Status

77.     Named Fiduciaries.  Every ERISA plan must have one or more "named fiduciaries."  ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1).  The person named as the "administrator" in the plan instrument is automatically a named fiduciary and, in the absence of such a designation, the sponsor is the administrator.  ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

78.     De Facto Fiduciaries.  ERISA treats as fiduciaries not only persons explicitly named as fiduciaries under § 402(a)(1), 29 U.S.C. § 1102(a)(1), but also

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

any other persons who in fact perform fiduciary functions.  Thus, a person is a fiduciary to the extent "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."  ERISA § 3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i).

79.     Each of the Defendants was a fiduciary with respect to the Plan and owed fiduciary duties to the Plan and its participants and beneficiaries under ERISA in the manner and to the extent set forth in the Plan's documents and/or through their conduct.

80.     As fiduciaries, Defendants were required by ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), to manage and administer the Plan and the Plan's investments solely in the interest of the Plan's participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

81.     Plaintiffs do not allege that each Defendant was a fiduciary with respect to all aspects of the Plan's management and administration.  Rather, as set

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

forth below, Defendants were fiduciaries to the extent of the specific fiduciary

discretion and authority assigned to or exercised by each of them, and, as further

set forth below, the claims against each Defendant are based on such specific

discretion and authority.

82.     ERISA permits fiduciary functions to be delegated to insiders without

an automatic violation of the rules against prohibited transactions, ERISA §

408(c)(3), 29 U.S.C. § 1108(c)(3), but insider fiduciaries, like external fiduciaries,

must act solely in the interest of participants and beneficiaries, not in the interest of

the Plan sponsor.

### 2.     Trinity is the Plan Sponsor of the Trinity Plan and all Defendants were Fiduciaries of the Retirement Plan.

83.     **<u>Defendant Trinity.</u>**  As an employer establishing and maintaining the

Trinity Plans, Defendant Trinity is and has been the Plan Sponsor of the Trinity

Plans within the meaning of ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B), at

least since 2000.

84.     To the extent that the Trinity Plans purport to be exempt from ERISA

and have elected not to be subject to ERISA, upon information and belief, at least

from 2000 to the present, the terms of the instrument, or instruments, under which

the Trinity Plans are operated do not specifically designate any person as a Plan

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Administrator sufficient to meet the requirements of ERISA section 402, 29 U.S.C. § 1102.

85.     In the absence of a Plan Administrator specifically designated in or pursuant to any instrument governing the Plans, the Plan Sponsor of the Trinity Plans is the Plan Administrator, under ERISA section 3(16)(A)(ii), 29 U.S.C. § 1002(16)(A)(ii).

86.     As Defendant Trinity is and has been the Plan Sponsor of the Trinity Plans, Defendant Trinity is and was also the Plan Administrator of the Plans within the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A).  As such, Defendant Trinity also is and has been a fiduciary with respect to the Plans within the meaning of ERISA section 3(21)(A)(iii), 29 U.S.C. § 1002(21)(A)(iii), because the Plan Administrator, by the very nature of the position, has discretionary authority or responsibility in the administration of the Plans.

87.     Plaintiffs reserve the right to amend this Complaint to name other or additional Plan Sponsors and Plan Administrators once they have had the opportunity to conduct discovery on these issues.

88.     Defendant Trinity is also a fiduciary with respect to the Trinity Plans within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercises discretionary authority or discretionary control respecting management of the Trinity Plans, exercises authority and control respecting management or

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

disposition of the Trinity Plans' assets, and/or has discretionary authority or discretionary responsibility in the administration of the Trinity Plans.

89.     **Defendant CHE Trinity Inc.**  Defendant CHE Trinity Inc., as the parent company of Defendant Trinity and Trinity's sole member, is a fiduciary with respect to the Trinity Plans within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercises discretionary authority or discretionary control respecting management of the Trinity Plans, exercises authority and control respecting management or disposition of the Trinity Plans' assets, and/or has discretionary authority or discretionary responsibility in the administration of the Trinity Plans.

90.     **Defendant Bosscher**.  Defendant James Bosscher, as the Senior Vice President Treasury and Chief Investment Officer at Trinity, is a fiduciary with respect to the Trinity Plans within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because he exercises discretionary authority or discretionary control respecting management of the Trinity Plans, exercises authority and control respecting management or disposition of the Trinity Plans' assets, and/or has discretionary authority or discretionary responsibility in the administration of the Trinity Plans.

91.     **Defendant Canales.**  Defendant Debra Canales, as the Executive Vice President and Chief Culture and Talent Effectiveness Officer at Defendant

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

CHE Trinity, and formerly the Executive Vice President and Chief Administrative Officer at Defendant Trinity, is a fiduciary with respect to the Trinity Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because she exercises discretionary authority or discretionary control respecting management of the Trinity Plans, exercises authority and control respecting management or disposition of the Trinity Plans' assets, and/or has discretionary authority or discretionary responsibility in the administration of the Trinity Plans.

92.     **Trinity Benefits Committee.**  Defendants John and Jane Does 1-20, as members of the Trinity Benefits Committee, are fiduciaries with respect to the Trinity Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercise discretionary authority or discretionary control respecting management of the Trinity Plans, exercise authority and control respecting management or disposition of the Trinity Plans' assets, and/or have discretionary authority or discretionary responsibility in the administration of the Trinity Plans.

93.     **Trinity HRCC.**  Defendants John and Jane Does 21-40, as members of the Trinity HRCC, are fiduciaries with respect to the Trinity Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercise discretionary authority or discretionary control respecting management of the Trinity Plans, exercise authority and control respecting management or disposition

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

of the Trinity Plans' assets, and/or have discretionary authority or discretionary responsibility in the administration of the Trinity Plans.

94.     Although Trinity, including specifically through its Treasury and investments departments, administrative offices, Benefits Committee, Human Resources Department, and Human Resources and Compensation Committee, maintains that Trinity's defined benefit pension plans are exempt from ERISA coverage as Church Plans, it claims ERISA status for its 401(k) plans and welfare benefit plans.

95.     Compliance with ERISA creates no undue, genuine burden on any religious practice of Trinity, as evidence by Trinity's claimed compliance with ERISA for its 401(k) plans and welfare benefit plans.

**3.     The Trinity Plans Are Not Church Plans**

96.     Trinity claims the Trinity Plans are Church Plans under ERISA section 3(33), 29 U.S.C. § 1002(33), and the analogous section of the Internal Revenue Code ("IRC"), and are therefore exempt from ERISA's coverage under ERISA section 4(b)(2), 29 U.S.C. § 1003(b)(2).

**a.     Only Two Types of Plans May Qualify as Church Plans and the Trinity Plans are Neither**

97.     Under section 3(33) of ERISA, 29 U.S.C. § 1002(33), only the following two types of plans may qualify as Church Plans:

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

- <u>First</u>, under section 3(33)(A) of ERISA, 29 U.S.C. § 1002(33)(A), a plan *established and maintained* by a church or by a convention or association of churches, can qualify under certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29 U.S.C. § 1002(33)(B); and

- <u>Second</u>, under section 3(33)(C)(i) of ERISA, 29 U.S.C. § 1002(33)(C)(i), a plan *established* by a church or by a convention or association of churches that is *maintained* by an organization, *the principal purpose or function of which* is the administration or funding of a retirement plan, if such organization is controlled by or associated with a church or convention or association of churches, can qualify under certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29 U.S.C. § 1002(33)(B).

Both types of plans must be "established" by a church or by a convention or association of churches in order to qualify as "Church Plans."

98.     Although other portions of ERISA section 3(33)(C) address, among other matters, who can be *participants* in Church Plans—in other words, which employees can be in Church Plans, etc.—these other portions of ERISA section 3(33)(C) do not add any other type of *plan* that can be a Church Plan.  29 U.S.C. § 1002(33)(C).  The only two types of plans that can qualify as Church Plans are those described in ERISA section 3(33)(A) and in section 3(33)(C)(i).  29 U.S.C. §§ 3(33)(A) and (C)(i).  The Trinity Plans do not qualify as Church Plans under either ERISA section 3(33)(A) or section 3(33)(C)(i).  29 U.S.C. §§ 3(33)(A) or (C)(i).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

99.     First, under ERISA section 3(33)(A), "The term "church plan" means a plan established and maintained for its employees by a church or by a convention or association of churches which is exempt from tax under section 501 of title 26." ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A).  A straightforward reading of this section is that a church plan "means," and therefore by definition, *must be* "a plan established . . . by a church or convention or association of churches."

100.    The Trinity Plans at issue here are not Church Plans as defined in ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A), because:

(a)     the Trinity Plans were established by Trinity for its own, or its affiliates' own, employees.

(b)     Trinity is not a church or a convention or association of churches.

101.    Trinity does not claim to be a church.  For example, Form 990 asks the filing organization to state whether it is, inter alia, a church, a school, a hospital, or an organization operated for the benefit of a publicly supported organization.  Year after year from at least 2007 to 2011, Trinity did not identify itself as a church.  By Trinity's own sworn statements to the IRS, it is not a church.

102.    Accordingly, the Trinity Plans were not "established and maintained by" a church or by a convention or association of churches for employees of any church or convention or association of churches.  That is the end of the inquiry under ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

103.   Second, under ERISA section 3(33)(C)(i), a Church Plan also includes a plan "established" by a church or by a convention or association of churches that is "maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches."  ERISA § 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

104.   The Trinity Plans are not Church Plans as defined in ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because the Trinity Plans were not "established" by a church or by a convention or association of churches. Moreover, the Trinity Plans do not qualify as "Church Plans" under section 3(33)(C)(i) because they are not maintained by any entity whose principal purpose of function is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both.  This ends any argument that the Trinity Plans could be Church Plans under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

105.   To the extent that Trinity claims that the Trinity Plans qualify as "Church Plans" under setion 3(33)(C)(i) because they are "maintained" by an entity within Trinity, other than Trinity, whose principal purpose or function is the

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

administration or funding of a plan or program for the provision of retirement

benefits or welfare benefits, the claim fails because the only entity with the power

to "maintain" the Trinity Plans, which includes the power to continue and/or

terminate the Plans, is Trinity.  The claim also fails because if all that is required

for a plan to qualify as a church plan is that it meet section C's requirement that it

be maintained by a church-associated organization, there would be no purpose for

section A, which defines a church plan as one established and maintained by a

church.  This ends any argument that the Trinity Plans could be Church Plans

under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because they are

maintained by an entity other than Trinity.

106.   However, even if the Trinity Plans had been "established" by a church

and even if the principal purpose or function of Trinity was the administration or

funding of the Trinity Plans (instead of running a hospital conglomerate), the

Trinity Plans still would not qualify as Church Plans under ERISA section

3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because the principal purpose of the Plans

is not to provide retirement or welfare benefits to *employees of a church or*

*convention or association of churches*.  For example, the 56,000 participants in the

Trinity Plans work for Trinity, a non-profit hospital conglomerate.  Trinity is not a

church or convention or association of churches, and its employees are not

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

employees of a church or convention or association of churches within the
meaning of ERISA.

107.   Under ERISA section 3(33)(C)(ii), 29 U.S.C. § 1002(33)(C)(ii),
however, an employee of a tax exempt organization that is controlled by or
associated with a church or a convention or association of churches also may be
considered an employee of a church.  This part of the definition merely explains
which employees a church plan may cover *once a valid church plan is established*.
The Trinity Plans also fail this part of the definition, because Trinity is not
controlled by or associated with a church or convention of churches within the
meaning of ERISA.

108.   Trinity is not controlled by a church or convention or association of
churches.

109.   Trinity is not owned or operated by a church and does not receive
funding from a church.

110.   In addition, Trinity is not "associated with" a church or convention or
association of churches within the meaning of ERISA.  Under ERISA section
3(33)(C)(iv), 29 U.S.C. § 1002(33)(C)(iv), an organization "is associated with a
church or a convention or association of churches if it shares common religious
bonds and convictions with that church or convention or association of churches."

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Trinity does not share common religious bonds and convictions with a church or association of churches.

111.   For example, Trinity tells prospective employees that religious affiliation is not a factor in the recruiting and hiring of Trinity employees.  In choosing to recruit and hire from the population at large, Trinity must also be willing to accept generally applicable, neutral regulations, such as ERISA, which protect those employees' legitimate interests.

112.   In addition, Trinity has a practice of partnering with hospitals that claim no religious affiliation.  In choosing to compete in the commercial arena of healthcare services, and to embark upon a business plan that targets healthcare facilities with no claimed ties to any particular religion, or to religion generally, Trinity must be willing to accept neutral regulations, such as ERISA, imposed to protect its employees' legitimate interests.

113.   Trinity owns two offshore insurance companies and includes investing in high risk venture capital projects as part of its business plan.

114.   Trinity touts non-denominational chapels and encourages its clients to seek the faith of their own choosing, including Judaism and Protestantism.  While Trinity may purport to share common religious bonds and convictions with the Catholic Church, it in fact only selectively chooses to share a bare few such bonds

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

and convictions, and ignores or abandons Catholic convictions when it is in its economic interest to do so.

115.   The Trinity Plans further fail to satisfy the requirements of ERISA section 3(33)(C)(i) because this section requires the organization that maintains the plans to be "controlled by or associated with" a church or convention or association of churches within the meaning of ERISA.  29 U.S.C. § 1002(33)(C)(i). Thus, even if (1) the church had "established" the Trinity Plans (which it did not); (2) the principal purpose or function of Trinity was the administration or funding of the Trinity Plans (instead of running a hospital conglomerate); and (3) Trinity's employees were employees of a church or convention or association of churches (which they are not), the Trinity Plans still would not qualify as Church Plans under ERISA section 3(33)(C)(i) because—for the reasons outlined above— Trinity is not *controlled by or associated with* a church or convention or association of churches within the meaning of ERISA.  29 U.S.C. § 1002(33)(C)(i).

116.   Finally, even if Trinity were "controlled by or associated with" a church, and thus its employees were deemed "employees" of a church under ERISA section 3(33)(C)(ii)(2), and even if the Trinity Plans were "maintained by" either a church or "pension board" satisfying the requirements of ERISA section 3(33)(C)(i), the Trinity Plans still would not be "Church Plans" because all "Church Plans" must be "established" by a church or by a convention or

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

association of churches.  29 U.S.C. §§ 1002(33)(A), (C)(i).  Although a church

may be deemed an "employer" of the employees of an organization that it

"controls" or with which it is "associated," see ERISA § 3(33)(C)(iii), 29 U.S.C.

§ 1002(33)(C)(iii), nothing in ERISA provides that the church may be deemed to

have "established" a retirement plan that was in fact established by the

"controlled" or "associated" organization.   Accordingly, because no church

established the Trinity Plans, the plans cannot be "Church Plans" within the

meaning of ERISA.

> **b.     Even *if* the Trinity Plans Could Otherwise Qualify as
> Church Plans under ERISA Sections 3(33)(A) or (C)(i),
> They are Excluded From Church Plan Status under ERISA
> Section 3(33)(B)(ii)**

117.   Under ERISA section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii), a plan

is specifically excluded from Church Plan status if less than substantially all of the

plan participants are members of the clergy or employed by an organization

controlled by or associated with a church or convention or association of churches.

In this case, there are approximately 56,000 participants in the Trinity Plans, and

very nearly all of them are non-clergy healthcare workers.

118.   If the approximately 56,000 participants in the Trinity Plans do not

work for an organization that is controlled by or associated with a church or

convention or association of churches, then even if the Trinity Plans could

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

otherwise qualify as Church Plans under ERISA section 3(33)(A) or (C)(i), they still would be foreclosed from Church Plan status under section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii).

119.   As set forth above, Trinity is not controlled by a church or association of churches, nor does it share common religious bonds and convictions with a church or association of churches.

        **c.**    **Even if the Trinity Plans Could Otherwise Qualify as Church Plans under ERISA, the Church Plan Exemption, as Claimed By Trinity, Violates the Establishment Clause of the First Amendment of the Constitution, and Is Therefore Void and Ineffective**

120.   The Church Plan exemption is an accommodation for *churches* that establish and maintain pension plans, and it allows such plans to be exempt from ERISA.

121.   The Establishment Clause guards against the establishment of religion by the government.  The government "establishes religion" when, among other activities, it privileges those with religious beliefs (e.g. exempts them from neutral regulations) at the expense of nonadherents and/or while imposing legal and other burdens on nonmembers.  Extension of the Church Plan exemption to Trinity, a non-church entity, privileges Trinity for its claimed faith, at the expense of its employees, who are told that their faith is not relevant to their employment, yet who are then denied the benefit of insured, funded pensions, as well as many other

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

important ERISA protections.  Similarly, Trinity, a non-church entity, has a

privileged economic advantage over its competitors in the commercial arena it has

chosen, based solely on Trinity's claimed religious beliefs.  This too is prohibited

by the Establishment Clause.  Simply put, when government provides a regulatory

exemption "exclusively to religious organizations that is not required by the Free

Exercise Clause and that . . . burdens nonbeneficiaries," it has endorsed religion in

violation of the Establishment Clause.  *See, e.g., Tex. Monthly, Inc. v. Bullock*, 489

U.S. 1, 15, 18 n. 8 (1989) (plurality opinion).

122.   As set forth in more detail below in Count IX, the extension of the

Church Plan accommodation to Trinity, which is not a church, violates the

Establishment Clause because it is not necessary to further the stated purposes of

the exemption, harms Trinity workers, puts Trinity competitors at an economic

disadvantage, relieves Trinity of no genuine religious burden created by ERISA,

and creates more government entanglement with alleged religious beliefs than

compliance with ERISA creates.  Accordingly, the Church Plan exemption, as

claimed by Trinity, is void and ineffective.

## VI.   CLASS ALLEGATIONS

123.   Plaintiffs bring this action as a class action pursuant to Rule 23 of the

Federal Rules of Civil Procedure on behalf of themselves and the following class

of persons similarly situated:  All participants or beneficiaries of defined benefit

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

pension plans that are established, maintained, administered, or sponsored by Trinity and claimed to be "Church Plans" under ERISA.

124.   Excluded from the Class are any high-level executives at Trinity or any employees who have responsibility or involvement in the administration of the Plan, or who are subsequently determined to be fiduciaries of one or more of the Trinity Plans, including the Individual Defendants.

## A.   Numerosity

125.   The exact number of Class members is unknown to Plaintiffs at this time, but may be readily determined from records maintained by Trinity.  Trinity currently employs approximately 56,000 individuals.  Upon information and belief, many if not all of those persons are likely members of the Class, and thus the Class is so numerous that joinder of all members is impracticable.

126.   Defendant Trinity operates hospitals, other healthcare facilities, and corporate offices in the states of California, Idaho, Illinois, Indiana, Iowa, Maryland, Michigan, Nebraska, Ohio, and Oregon.  Upon information and belief, Trinity's employees and, therefore, the members of the Class are geographically dispersed across at least the states of: California, Idaho, Illinois, Indiana, Iowa, Maryland, Michigan, Nebraska, Ohio, and Oregon.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## B.    Commonality

127.    The issues regarding liability in this case present common questions

of law and fact, with answers that are common to all members of the Class,

including (1) whether the Plans are exempt from ERISA as Church Plans, and, if

not, (2) whether the fiduciaries of the Plans have failed to administer and failed to

enforce the funding obligations of the Plans in accordance with ERISA.

128.    The issues regarding the relief are also common to the members of the

Class as the relief will consist of (1) a declaration that the Plans are ERISA

covered plans; (2) an order requiring that the Plans comply with the administration

and funding requirements of ERISA; and (3) an order requiring Trinity to pay civil

penalties to the Class, in the same statutory daily amount for each member of the

Class.

## C.    Typicality

129.    Plaintiffs' claims are typical of the claims of the other members of the

Class because their claims arise from the same event, practice and/or course of

conduct, namely Defendants' failure to maintain the Plans in accordance with

ERISA.  Plaintiffs' claims are also typical because all Class members are similarly

affected by Defendants' wrongful conduct.

130.    Plaintiffs' claims are also typical of the claims of the other members

of the Class because, to the extent Plaintiffs seek equitable relief, it will affect all

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Class members equally.  Specifically, the equitable relief sought consists primarily of (i) a declaration that the Trinity Plans are not Church Plans; and (ii) a declaration that the Trinity Plans are ERISA covered plans that must comply with the administration and funding requirements of ERISA.  In addition, to the extent Plaintiffs seek monetary relief, it is for civil fines to the Class in the same statutory daily amount for each member of the Class.

131.   Trinity does not have any defenses unique to Plaintiffs' claims that would make Plaintiffs' claims atypical of the remainder of the Class.

**D.      Adequacy**

132.   Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class.

133.   Plaintiffs do not have any interests antagonistic to or in conflict with the interests of the Class.

134.   Defendant Trinity and the Individual Defendants have no unique defenses against the Plaintiffs that would interfere with Plaintiffs' representation of the Class.

135.   Plaintiffs have engaged counsel with extensive experience prosecuting class actions in general and ERISA class actions in particular.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**E.     Rule 23(b)(1) Requirements**

136.   The requirements of Rule 23(b)(1)(A) are satisfied because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants.

137.   The requirements of Rule 23(b)(1)(B) are satisfied because adjudications of these claims by individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede the ability of other members of the Class to protect their interests.

**F.     Rule 23(b)(2) Requirements**

138.   Class action status is also warranted under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

**G.     Rule 23(b)(3) Requirements**

139.   If the Class is not certified under Rule 23(b)(1) or (b)(2) then certification under (b)(3) is appropriate because questions of law or fact common to members of the Class predominate over any questions affecting only individual members.  The common issues of law or fact that predominate over any questions affecting only individual members include:  (1) whether the Plans are exempt from

CLASS ACTION COMPLAINT
PAGE - 44

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

ERISA as Church Plans, and, if not, (2) whether the fiduciaries of the Plans have failed to administer and fund the Plans in accordance with ERISA; and (3) whether the Church Plan exemption, as claimed by Trinity, violates the Establishment Clause of the First Amendment. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

A.      Individual class members do not have an interest in controlling the prosecution of these claims in individual actions rather than a class action because the equitable relief sought by any Class member will either inure to the benefit of the Plan or affect each class member equally;

B.      Individual Class members also do not have an interest in controlling the prosecution of these claims because the monetary relief that they could seek in any individual action is identical to the relief that is being sought on their behalf herein;

C.      There is no other litigation begun by any other Class members concerning the issues raised in this litigation;

D.      There are no difficulties managing this case as a class action.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

## VII.  CAUSES OF ACTION

### COUNT I
### (Claim for Equitable Relief Pursuant to ERISA Sections 502(a)(2) and 502(a)(3) Against Defendant Trinity)

140.   Plaintiffs repeat and re-allege the allegations contained in all foregoing paragraphs herein.

141.   ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to obtain "appropriate equitable relief ... to enforce any provisions of this title."  Pursuant to this provision, and 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, Plaintiffs seek declaratory relief that the Trinity Plans are not Church Plans within the meaning of ERISA section 3(33), 29 U.S.C. § 1002(33), and thus are subject to the provisions of Title I and Title IV of ERISA.

142.   ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), also authorizes a participant or beneficiary to bring a civil action to "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  Pursuant to these provisions, Plaintiffs seek orders directing the Trinity Plans' sponsor and administrator, Trinity, to bring the Trinity Plans into compliance with ERISA.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

143.   ERISA § 502(a)(2), 29 U.S.C. § 1132(2), authorizes a participant or beneficiary to bring a civil action for appropriate relief under 29 U.S.C. § 1109(a), against a fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries" and the fiduciary "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate."  Because the operation of the Plan as a non-ERISA plan was a breach of Defendants' fiduciary duties, the Defendants breached their fiduciary duties and Plaintiffs also seek plan-wide equitable and remedial relief under ERISA § 502(a)(2).

144.   As the Trinity Plans are not Church Plans within the meaning of ERISA section 3(33), 29 U.S.C. § 1002(33), and meet the definition of a pension plan under ERISA section 3(2), 29 U.S.C. § 1002(2), each of the Trinity Plans should be declared to be an ERISA-covered pension plan, and the Trinity Plans' sponsor and administrator, Trinity, should be ordered to bring the Trinity Plans into compliance with ERISA, including by remedying the violations set forth below.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## COUNT II
### (Claim for Violation of Reporting and Disclosure Provisions Against Defendant Trinity)

145.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

### 1.    Summary Plan Descriptions

146.    At no time has Trinity provided Plaintiffs or any member of the Class with a Summary Plan Description with respect to the Trinity Plans that meets the requirements of ERISA section 102, 29 U.S.C. § 1022, and the regulations promulgated thereunder.

147.    Because Trinity has been the Plan Administrator of the Plans at all relevant times, it violated ERISA section 104, 29 U.S.C. § 1024, by failing to provide Plaintiffs and members of the Class with adequate Summary Plan Descriptions.

### 2.    Annual Reports

148.    At no time has Trinity filed an annual report with respect to the Trinity Plans with the Secretary of Labor in compliance with ERISA section 103, 29 U.S.C. § 1023, or a Form 5500 and associated schedules and attachments which the Secretary has approved as an alternative method of compliance with ERISA section 103, 29 U.S.C. § 1023.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

149.   Because Trinity has been the Plan Administrator of the Trinity Plans at all relevant times, Trinity has violated ERISA section 104(a), 29 U.S.C. § 1024(a), by failing to file annual reports with respect to the Trinity Plans with the Secretary of Labor in compliance with ERISA section 103, 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments that the Secretary has approved as an alternate method of compliance with ERISA section 103, 29 U.S.C. § 1023.

### 3.   Summary Annual Reports

150.   At no time has Trinity furnished Plaintiffs or any member of the Class with a Summary Annual Report with respect to the Trinity Plans in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

151.   Because Trinity has been the Plan Administrator of the Trinity Plans at all relevant times, Trinity has violated ERISA section 104(b)(3), 29 U.S.C. § 1024(b)(3), by failing to furnish Plaintiffs or any member of the Class with a Summary Annual Report with respect to the Trinity Plans in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

### 4.     Notification of Failure to Meet Minimum Funding

152.     At no time has Trinity furnished Plaintiffs or any member of the Class with a Notice with respect to the Trinity Plans pursuant to ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), informing them that Trinity had failed to make payments required to comply with ERISA section 302, 29 U.S.C. § 1082, with respect to the Trinity Plans.

153.     Defendant Trinity has been the employer that established and/or maintained the Trinity Plans.

154.     At no time has Defendant Trinity funded the Trinity Plans in accordance with ERISA section 302, 29 U.S.C. § 1082.

155.     As the employer maintaining the Trinity Plans, Defendant Trinity has violated ERISA section 302, 29 U.S.C. § 1082, by failing to fund the Trinity Plans, is liable for its own violations of ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as permitted by 29 C.F.R. section 2575.502(c)(3)) for each day that Defendant has failed to provide Plaintiffs and each Class member with the notice required by ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## 5.      Funding Notices

156.    At no time has Trinity furnished Plaintiffs or any member of the Class with a Funding Notice with respect to the Trinity Plans pursuant to ERISA section 101(f), 29 U.S.C. § 1021(f).

157.    Because Trinity has been the Plan Administrator of the Trinity Plans at all relevant times, it has violated ERISA section 101(f) by failing to provide each participant and beneficiary of the Trinity Plans with the Funding Notice required by ERISA section 101(f), and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as permitted by ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1), amended by 29 C.F.R. section 2575.502c-1) for each day that Defendant has failed to provide Plaintiffs and each Class member with the notice required by ERISA section 101(f).  29 U.S.C. § 1021(f).

## 6.      Pension Benefit Statements

158.    At no time has Trinity furnished Plaintiffs or any member of the Class with a Pension Benefit Statement with respect to the Trinity Plans pursuant to ERISA section 105(a)(1), 29 U.S.C. § 1025(a)(1).

159.    Because Trinity has been the Plan Administrator of the Trinity Plans at all relevant times, it has violated ERISA section 105(a)(1) and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

(as permitted by ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1), amended by 29 C.F.R. section 2575.502c-1) for each day that Defendant has failed to provide Plaintiffs and each Class member with the Pension Benefit Statements required by ERISA section 105(a)(1).  29 U.S.C. § 1025(a)(1).

## COUNT III
### (Claim for Failure to Provide Minimum Funding Against Defendant Trinity)

160.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

161.   ERISA section 302, 29 U.S.C. § 1082, establishes minimum funding standards for defined benefit plans that require employers to make minimum contributions to their plans so that each plan will have assets available to fund plan benefits if the employer maintaining the plan is unable to pay benefits out of its general assets.

162.   Trinity was responsible for making the contributions that should have been made pursuant to ERISA section 302, 29 U.S.C. § 1082, at a level commensurate with that which would be required under ERISA.

163.   Since at least 1996, Trinity has failed to make contributions in satisfaction of the minimum funding standards of ERISA section 302, 29 U.S.C. § 1082.

CLASS ACTION COMPLAINT
PAGE - 52

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

164.   By failing to make the required contributions to the Trinity Plans, either in whole or in partial satisfaction of the minimum funding requirements established by ERISA section 302, Defendant Trinity has violated ERISA section 302.  29 U.S.C. § 1082.

## COUNT IV
### (Claim for Failure to Establish the Plans Pursuant to a Written Instrument Meeting the Requirements of ERISA Section 402 Against Defendant Trinity)

165.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

166.   ERISA section 402, 29 U.S.C. § 1102, provides that every plan will be established pursuant to a written instrument which will provide among other things "for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan" and will "provide a procedure for establishing and carrying out a funding policy and method constituent with the objectives of the plan and the requirements of [Title I of ERISA]."

167.   Although the benefits provided by the Trinity Plans were described to the employees and retirees of Trinity (and/or its affiliates and subsidiaries) in various written communications, the Trinity Plans have never been established pursuant to a written instrument meeting the requirements of ERISA section 402, 29 U.S.C. § 1102.

CLASS ACTION COMPLAINT
PAGE - 53

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

168.   Defendant Trinity violated section 402 by failing to promulgate written instruments in compliance with ERISA section 402 to govern the Trinity Retirement Plans' operations and administration.  29 U.S.C. § 1102.

## COUNT V
### (Claim for Failure to Establish a Trust Meeting the Requirements of ERISA Section 403 Against Defendant Trinity)

169.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

170.   ERISA section 403, 29 U.S.C. § 1103, provides, subject to certain exceptions not applicable here, that all assets of an employee benefit plan shall be held in trust by one or more trustees, that the trustees shall be either named in the trust instrument or in the plan instrument described in section 402(a), 29 U.S.C. § 1102(a), or appointed by a person who is a named fiduciary.

171.   Although the Trinity Plans' assets have been held in trust, the trust does not meet the requirements of ERISA section 403, 29 U.S.C. § 1103.

172.   Defendant Trinity violated section 403 by failing to put the Trinity Plans' assets in trust in compliance with ERISA section 403.  29 U.S.C. § 1103.

## COUNT VI
### (Claim for Clarification of Future Benefits Under ERISA §§ 502(a)(1)(B) and 502(a)(3) Against Defendant Trinity)

173.   Plaintiffs incorporate and re-allege by reference to the foregoing paragraphs as if fully set forth herein.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

174.   ERISA § 502(a)(1)(B), 29 U.S.C. § 1102(a)(1)(B), provides, in part, that a participant or beneficiary may bring a civil action to "clarify his rights to future benefits under the terms of the plan."

175.   Plaintiffs and members of the class have not been provided ERISA-compliant benefit statements.

176.   Pursuant to ERISA §§ 502(a)(1)(B), (3), 29 U.S.C. §§ 1132(a)(1)(B), (3), once the Plan is made compliant with ERISA, Plaintiffs seek to clarify their rights under the terms of the Plan and to require Defendant Trinity to provide Plaintiffs and the Class ERISA-compliant benefit statements.

## COUNT VII
### (Claim for Civil Money Penalty Pursuant to ERISA Section 502(a)(1)(A) Against Defendant Trinity)

177.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

178.   ERISA section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that a participant may bring a civil action for the relief provided in ERISA section 502(c), 29 U.S.C. § 1132(c).

179.   ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-3, provides that an employer maintaining a plan who fails to meet the notice requirement of ERISA section 101(d), 29 U.S.C. § 1021(d),

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure.

180.   ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-3, provides that an administrator of a defined benefit pension plan who fails to meet the notice requirement of ERISA section 101(f), 29 U.S.C. § 1021(f), with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure.

181.   ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-3, provides that an administrator of a defined benefit pension plan who fails to provide a Pension Benefit Statement at least once every three years to a  participant with a nonforfeitable accrued benefit who is employed by the employer maintaining the plan at the time the statement is to be furnished as required by ERISA section 105(a), 29 U.S.C. § 1025(a), may be liable for up to $110 per day from the date of such failure.

182.   As Defendant Trinity, as employer, has failed to give the notices required by ERISA section 101(d), 29 U.S.C. § 1021(d), as set forth in Count II Subpart 4, Defendant Trinity is liable to Plaintiffs and each member of the Class in an amount up to $110 per day from the date of such failures until such time that notices are given and the statement is provide, as the Court, in its discretion, may order.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

183.   As Defendant Trinity, as Plan Administrator of the Plans, has failed to give the notices required by ERISA section 101(f), 29 U.S.C. § 1021 (f), and the Pension Benefit Statement required by ERISA section 105(a), 29 U.S.C. § 1025(a), as set forth in Count II Subparts 5 through 6, Defendant Trinity is liable to the Plaintiffs and each member of the Class in an amount up to $110 per day from the date of such failures until such time that notices are given and the statement is provided, as the Court, in its discretion, may order.

## COUNT VIII
### (Claim for Breach of Fiduciary Duty Against All Defendants)

184.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

185.   Plaintiffs bring this Count VII for breach of fiduciary duty pursuant to ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2).

### 1.   Breach of the Duty of Prudence and Loyalty

186.   ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), provides in pertinent part that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –

(a)   for the exclusive purpose of:

(i)   providing benefits to participants and beneficiaries; and

(ii)   defraying reasonable expenses of administering the plan;

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

(b)     with the care, skill, prudence and diligence under the

circumstances then prevailing that a prudent man acting in a like

capacity and familiar with such matters would use in the conduct of an

enterprise of a like character and with like aims . . . [and]

(c)     in accordance with the documents and instruments governing

the plan insofar as such documents and instruments are consistent

with the provisions of this [title I of ERISA] and title IV.

187.   As fiduciaries with respect to the Trinity Plans, Defendants had the

authority to enforce each provision of ERISA alleged to have been violated in the

foregoing paragraphs pursuant to ERISA section 502(a)(3), 29 U.S.C. §

1132(a)(3).  Having the authority to enforce the provisions of ERISA at those

respective times, ERISA section 404(a)(1)(A)-(D), 29 U.S.C. § 1104(a)(1)(A)-(D),

imposed on Defendants the respective duty to enforce those provisions in the

interest of the participants and beneficiaries of the Trinity Plans during the times

that each was a fiduciary of the Trinity Plans.

188.   Defendants have never enforced any of the provisions of ERISA set

forth in Counts I-V with respect to the Trinity Plans.

189.   By failing to enforce the provisions of ERISA set forth in Counts I-V,

Defendants breached the fiduciary duties that they owed to Plaintiffs and the Class.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

190.   The failure of Defendants to enforce the funding obligations owed to the Plan has resulted in a loss to the Trinity Plans equal to the foregone funding and earnings thereon, and profited Defendant Trinity by providing it the use of money owed to the Trinity Plans for its general business purposes.

### 2.     Prohibited Transactions

191.   ERISA section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits a fiduciary with respect to a plan from directly or indirectly causing a plan to extend credit to a party in interest, as defined in ERISA section 3(14), 29 U.S.C. § 1002(14), if he or she knows or should know that such transaction constitutes an extension of credit to a party in interest.

192.   ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits a fiduciary with respect to a plan from directly or indirectly causing a plan to use assets for the benefit of a party in interest, if he or she knows or should know that such transaction constitutes a use of plan assets for the benefit of a party in interest.

193.   ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1), prohibits the use of plan assets by a fiduciary with respect to a plan in his or her own interest or for his or her own account.

194.   As fiduciaries with respect to the Plans and, with respect to Trinity, as an employer of employees covered by the Plans, and, with respect to Defendants Bosscher and Canales, as Officers of Trinity, the Defendants at all relevant times

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

were parties in interest with respect to the Trinity Plans pursuant to ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

195.   By failing to enforce the funding obligations created by ERISA and owed to the Plans, Defendants extended credit from the Trinity Plans to Trinity in violation of ERISA section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), when Defendants knew or should have known that their failure to enforce the funding obligation constituted such an extension of credit.

196.   By failing to enforce the funding obligations created by ERISA and owed to the Trinity Plans, Defendants used Trinity Plan assets for Trinity's own benefit, when Defendants knew or should have know that their failure to enforce the funding obligations constituted such a use of Trinity Plan assets, in violation of ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

197.   By failing to enforce the funding obligations created by ERISA and owed to the Trinity Plans, Defendants used Trinity Plan assets in Trinity's interest in violation of ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1).

198.   The failure of Defendants to enforce the funding obligations owed to the Trinity Plans has resulted in a loss to the Trinity Plans equal to the foregone funding and earnings thereon.

### 3.   Failure to Monitor Fiduciaries

199.   This sub-Count alleges fiduciary breach against Defendant Trinity.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

200.   As alleged above, during the Class Period, Defendant Trinity was a named fiduciary pursuant to ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), or a de facto fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), or both.  Thus, it was bound by the duties of loyalty, exclusive purpose, and prudence.

201.   The scope of the fiduciary responsibilities of Trinity included the responsibility to appoint, and remove, and thus, monitor the performance of other fiduciaries.

202.   Under ERISA, a monitoring fiduciary must ensure that the monitored fiduciaries perform their fiduciary obligations, including those with respect to the investment and holding of plan assets, and must take prompt and effective action to protect the plan and participants when they are not.

203.   The monitoring duty further requires that appointing fiduciaries have procedures in place so that they may review and evaluate, on an ongoing basis, whether the "hands-on" fiduciaries are doing an adequate job (for example, by requiring periodic reports on their work and the plan's performance, and by ensuring that they have a prudent process for obtaining the information and resources they need).  In the absence of a sensible process for monitoring their appointees, the appointing fiduciaries would have no basis for prudently

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

concluding that their appointees were faithfully and effectively performing their obligations to plan participants or for deciding whether to retain or remove them.

204.   Furthermore, a monitoring fiduciary must provide the monitored fiduciaries with the complete and accurate information in their possession that they know or reasonably should know that the monitored fiduciaries must have in order to prudently manage the plan and the plan assets, or that may have an extreme impact on the plan and the fiduciaries' investment decisions regarding the plan.

205.   Defendant Trinity breached its fiduciary monitoring duties by, among other things:  (a) failing to appoint persons who would run the Plan as an ERISA plan; (b) failing to ensure that the monitored fiduciaries appreciated the true extent of not running the Plan as an ERISA Plan; (c) to the extent any appointee lacked such information, failing to provide complete and accurate information to all of their appointees such that they could make sufficiently informed fiduciary decisions with respect to the Plan; and (d) failing to remove appointees whose performance was inadequate in that they continued to run the Plan as a non-ERISA Plan, and who breached their fiduciary duties under ERISA.

206.   The failure of Defendants to enforce the funding obligations owed to the Trinity Plans has profited Defendant Trinity by providing it the use of money owed to the Trinity Plans for its general business purposes.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

## COUNT IX
### (Claim for Declaratory Relief That the Church Plan Exemption Violates the Establishment Clause of the First Amendment of the Constitution, and Is Therefore Void and Ineffective)

207.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

208.   The ERISA Church Plan exemption is an accommodation that exempts churches and associations of churches, under certain circumstances, from compliance with ERISA.

209.   The ERISA Church Plan exemption, as claimed by Trinity, is an attempt to extend the accommodation beyond churches and associations of churches, to Trinity—a non-profit hospital conglomerate that has chosen to compete with commercial businesses, including other non-profits as well as for-profits, by entering the economic arena and trafficking in the marketplace. Extension of the Church Plan exemption to Trinity violates the Establishment Clause because it (A) is not necessary to further the stated purposes of the exemption; (B) harms Trinity workers, (C) puts Trinity competitors at an economic disadvantage, (D) relieves Trinity of no genuine religious burden created by ERISA, and (E) creates more government entanglement with alleged religious beliefs than compliance with ERISA creates.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

A.   <u>Not Necessary to Further Stated Purpose</u>.  Congress enacted the Church Plan exemption to avoid "examination of books and records . . . an unjustified invasion of the confidential relationship with regard to churches and their religious activities."[2]  This purpose has no application to Trinity, which is neither run by nor intimately connected to any church financially.  And, unlike a church, Trinity has *no confidential books and records* to shield from government scrutiny.  Trinity already purports to disclose all material financial records and relationships when it seeks Medicare and Medicaid reimbursements, and issues tax exempt bonds.

B.   <u>Harms Workers</u>.  Employers, including Trinity, legally are not required to provide pensions; instead, they choose to provide pensions in order to reap tax rewards and attract and retain employees in a competitive labor market.  Trinity tells prospective employees that any choice of faith, or lack thereof, is not a factor in the recruiting and hiring of Trinity employees.  Thus, as a practical matter, and by Trinity's own design, its pension plan participants include people of a vast number of divergent faiths, as well as those who belong to no faith.  In choosing to recruit and hire from the public at large, Trinity must be willing to accept neutral regulations, such as

---

[2]   S. Rep. No. 93-383 (1972), *reprinted in* 1974 U.S.C.C.A.N. 4889, 4965.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

ERISA, imposed to protect those employees' legitimate interests.  To be

constitutional, an accommodation such as the Church Plan exemption must

not impose burdens on non-adherents without due consideration of their

interests.  The Church Plan exemption, as claimed by Trinity, places its tens

of thousands of longtime employees' justified reliance on their pension

benefits at great risk, including because the Plans are uninsured and upon

information and belief, underfunded by over $600 million.  In addition,

Trinity fails to provide the multitude of other ERISA protections designed to

safeguard the pensions.  The Church Plan exemption, as claimed by Trinity,

provides no consideration of the harm that it causes for Trinity's employees.

   C. <u>Put Trinity Competitors at Economic Disadvantage</u>.  Trinity's

commercial rivals face material disadvantages in their competition with

Trinity because the rivals must use their current assets to fully fund, insure

(through premiums to the PBGC) and administer their pension plans, as well

as provide the other ERISA protections.  In claiming that the Trinity Plans

are exempt Church Plans, Trinity enjoys a material competitive advantage

because it is able to divert significant cash, which otherwise would be

required to fund, insure (through premiums to the PBGC) and administer the

Trinity Plans, to its competitive growth strategy.  To be constitutional, an

accommodation such as the Church Plan exemption must take adequate

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

account of harm to nonbeneficiaries.  The Church Plan exemption, as applied by Trinity, provides no consideration of the disadvantage it creates for Trinity's competitors.

D.    Relieves No Genuine Religious Burden Imposed by ERISA. An exemption exclusively for religion must alleviate a significant, *state-imposed* interference with religious exercise.  The Church Plan exemption, as claimed by Trinity, responds to no genuine burden created by ERISA on any Trinity religious practice.  ERISA is materially indistinguishable from the array of neutral Congressional enactments that do not significantly burden religious exercise when applied to commercial activities.  Moreover, Trinity maintains multiple separate ERISA governed plans, which is further evidence that ERISA creates no undue burden on any genuine religious practice of Trinity.

E.    Creates Government Entanglement with Alleged Religious Beliefs.  A Trinity exemption requires courts and agencies to examine unilateral religious "convictions" of a non-church entity and determine if they are "shared" with a church, in the absence of any actual church responsible for the pensions.  This *creates* entanglement between government and putative religious beliefs.  ERISA compliance, on the other hand, requires *zero* entanglement with religion for Trinity because ERISA is

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

a neutral statue that regulates pension protections, and Trinity has no relevant confidential books, records or relationships.  Thus an extension of the Church Plan exemption to Trinity produces state entanglement with alleged religious beliefs while compliance with ERISA creates no meaningful state entanglement with alleged religious beliefs.

210.   Plaintiffs seek a declaration by the Court that the Church Plan exemption, as claimed by Trinity, is an unconstitutional accommodation under the Establishment Clause of the First Amendment, and is therefore void and ineffective.

## VIII.      PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendants on all claims and request that the Court award the following relief:

A.      Declaring that the Trinity Plans are employee pension benefit plans within the meaning of ERISA section 3(2), 29 U.S.C. § 1002(2), are defined benefit pension plans within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35), and are not Church Plans within the definition of section 3(33) of ERISA, 29 U.S.C. § 1002(33).  Ordering Trinity to reform the Trinity Plans to bring them into compliance with ERISA and to have the Trinity Plans comply with ERISA including as follows:

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1.      Revising Plan documents to reflect that the Plans are defined benefit plans regulated by ERISA.

2.      Requiring Trinity to fund the Trinity Plans in accordance with ERISA's funding requirements, disclose required information to the Trinity Plans, participants and beneficiaries, and otherwise comply with all other reporting, vesting, and funding requirements of Parts 1, 2 and 3 of Title I of ERISA, 29 U.S.C. §§ 1021-31, 1051-61, 1081-85.

3.      Reforming the Trinity Plans to comply with ERISA's vesting and accrual requirements and providing benefits in the form of a qualified joint and survivor annuity.

4.      Requiring the adoption of an instrument governing the Trinity Plans that complies with ERISA section 402, 29 U.S.C. § 1102.

5.      Requiring Trinity to comply with ERISA reporting and disclosure requirements, including by filing Form 5500 reports, distributing ERISA-compliant Summary Plan Descriptions, Summary Annual Reports and Participant Benefit Statements, and providing Notice of the Trinity Plans' funding status and deficiencies.

6.      Requiring clarification or rights to future benefits pursuant to ERISA § 502(a)(1)(B); 29 U.S.C. § 1102(a)(1)(B).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

7.     Requiring the establishment of a Trust in compliance with ERISA section 403, 29 U.S.C. § 1103.

B.     Requiring Trinity, as a fiduciary of the Plan, to make the Trinity Plans whole for any losses and disgorge any Trinity profits accumulated as a result of fiduciary breaches.

C.     Appointing an Independent Fiduciary to hold the Trinity Plans' assets in trust, to manage and administer the Trinity Plans and their assets, and to enforce the terms of ERISA.

D.     Requiring Trinity to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day it failed to inform Plaintiffs and each Class member of its failure to properly fund the Plan.

E.     Requiring Trinity to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day it failed to provide Plaintiffs and each Class member with a Funding Notice.

F.     Requiring Trinity to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day it failed to provide a benefit statement under ERISA section 105(a)(1)(B), 29 U.S.C. § 1025(a)(1)(B).

G.     Ordering declaratory and injunctive relief as necessary and appropriate, including enjoining the Defendants from further violating the duties,

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

responsibilities, and obligations imposed on them by ERISA, with respect to the Trinity Plans.

H.      Declaring with respect to Count IX, that the Church Plan exemption, as claimed by Trinity, is an unconstitutional accommodation under the Establishment Clause of the First Amendment, and is therefore void and ineffective.

I.      Awarding to Plaintiffs attorneys' fees and expenses as provided by the common fund doctrine, ERISA section 502(g), 29 U.S.C. § 1132(g) and/or other applicable doctrine.

J.      Awarding to Plaintiffs taxable costs pursuant to ERISA section 502(g), 29 U.S.C. § 1132(g), 28 U.S.C. § 1920, and other applicable law.

K.      Awarding to Plaintiffs pre-judgment interest on any amounts awarded pursuant to law.

L.      Awarding, declaring or otherwise providing Plaintiffs and the Class all relief under ERISA section 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that the Court deems proper.

DATED July 11, 2014.

COHEN MILSTEIN SELLERS & TOLL, PLLC

/s/ R Joseph Barton
R. Joseph Barton

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Karen L. Handorf
Michelle Yau
Bruce Rinaldi
Mary J. Bortscheller
Matthew A. Smith
1100 New York Avenue, N.W.
Suite 500, East Tower
Washington, D.C.  20005
Tel: (202) 408-4600
Fax: (202) 408-4699
Email:  khandorf@cohenmilstein.com
myau@cohenmilstein.com
brinaldi@cohenmilstein.com
mbortscheller@cohenmilstein.com
msmith@cohenmilstein.com

KELLER ROHRBACK L.L.P.

Lynn Lincoln Sarko
Havila Unrein
Matthew Gerend
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
hunrein@kellerrohrback.com
mgerend@kellerrohrback.com

KELLER ROHRBACK P.L.C.
Ron Kilgard
Laurie B. Ashton
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248- 2822
Email:  rkilgard@kellerrohrback.com
lashton@kellerrohrback.com

***Attorneys for Plaintiffs***

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600