# Exhibit 1

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

## CLASS ACTION SETTLEMENT AGREEMENT

This CLASS ACTION SETTLEMENT AGREEMENT ("Settlement Agreement") is entered into by and between Plaintiffs, as defined in § 1.13 below, on the one hand, and Defendants, as defined in § 1.7 below, on the other. Plaintiffs and Defendants are referred to collectively in this Settlement Agreement as the "Parties." Capitalized terms and phrases have the meanings provided in § 1 below or as specified elsewhere in this Settlement Agreement.

1.   DEFINITIONS

1.1.   *"Actions"* shall mean: *Lann, et al v. Trinity Health Corp., et al.*, No. 14-2237, an action pending in the United States District Court for the District of Maryland and *Chavies, et al. v. Catholic Health East, et al.,* No. 13-1645, an action pending in the United States District Court for the Eastern District of Pennsylvania ("*Lann*" and "*Chavies*").

1.2.   *"Church Plan"* shall mean: a plan which meets the definition of a "church plan" under ERISA § 3(33), 29 U.S.C. § 1002(33) and is thus exempt from the provisions of Title I and Title IV of ERISA.

1.3.   *"Class Counsel"* shall mean: Cohen Milstein Sellers & Toll, PLLC and Keller Rohrback L.L.P.

1.4.   *"Complaints"* shall mean: the Class Action Complaint filed in *Lann* on July 11, 2014, and the Class Action Complaint filed in *Chavies* on March 28, 2013.

1.5.   *"Consolidated Action"* shall mean: The resulting action in the United States District Court of Maryland after *Chavies* has been transferred to the United States District Court of Maryland as per the Motion to Transfer Venue to the United States District Court for the District of Maryland for Settlement Purposes only and consolidated with *Lann* in accordance with the Term Sheet.

1.6.   *"Court"* shall mean: The United States District Court for the District of Maryland.

1.7.   *"Defendants"* shall mean: Trinity Health Corporation, CHE Trinity Inc., James Bosscher, Debra Canales, members of the Trinity Health Corporation Benefits Committee, members of the Trinity Health Human Resources and Compensation Committee, Catholic Health East, Anthony Camoratto, Clayton Fitzhugh, and John and Jane Does.

1.8.   *"Effective Date of Settlement"* shall mean: the date on which all of the conditions to settlement set forth in § 3 of this Settlement Agreement have been fully satisfied or waived and the Settlement shall have become Final.

1.9.   *"ERISA"* shall mean: the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated thereunder.

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

1.10.   *"Final"* shall mean:  with respect to any judicial ruling or order in the Consolidated Action, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and completed disposition of any such Review Proceeding, including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.

1.11.   *"Incentive Fees to Plaintiffs"* shall mean:  any monetary amounts awarded by the Court in recognition of the Named Plaintiffs' assistance in the prosecution of the Actions and payable pursuant to § 8.1.5 below.

1.12.   *"Person"* shall mean:  an individual, partnership, corporation or any other form of organization.

1.13.   *"Plaintiffs"* and *"Named Plaintiffs"* shall mean:  Anita Lann, Jean Atcherson, Albert R. Chavies, Thomas Holland and Mary Beth Henrick.

1.14.   *"Plan"* or *"Plans"* shall mean:  defined benefit plans as listed in Schedule A that are sponsored by Trinity or one of its subsidiaries, as applicable, and operated as or claimed to be exempt from the Employee Retirement Income Security Act of 1974, as amended, as church plans as of the date the settlement in these cases becomes final and non-appealable.

1.15.   *"Released Claims"* shall have the meaning provided in § 4.

1.16.   *"Releasees"* shall mean: the Defendants, the Plans, any Person who served as a trustee, investment manager, service provider, record-keeper, or named or functional fiduciary (including de facto fiduciaries) of the Plans, together with, for each of the foregoing, any and all predecessors, Successors-In-Interest, affiliates, associates, present and former Representatives, direct or indirect parents and subsidiaries and any Person that controls, is controlled by, or is under common control with any of the foregoing, including, without limitation, every person who was a director, officer, governor, management committee member, in-house counsel, employee, or agent of Trinity Health Corporation, CHE, and their subsidiaries and affiliates, together with, for each of the forgoing, insurers, reinsurers, consultants, attorneys, administrators, investment advisors, investment underwriters, and spouses.  Releasees do not include any Person, unaffiliated with Trinity, which, acquires or becomes a sponsor of one of the Plans after this Settlement becomes final and non-appealable.

1.17.   *"Representatives"* shall mean:  representatives, attorneys, agents, directors, officers, employees, insurers and reinsurers.

1.18.   *"Settlement"* shall mean:  the settlement to be consummated under this Settlement Agreement pursuant to the Final Approval Order.

2

1.19.   "*Settlement Class*" shall mean:  All who were participants (whether vested or non-vested) in or beneficiaries of the Plans on or before the Effective Date of Settlement (the "Class Period").

1.20.   "*Successor-In-Interest*" shall mean:  a Person's estate, legal representatives, heirs, successors or assigns, and any other Person who can make a legal claim by or through such Person.

1.21.   "*Term Sheet*" shall mean:  the document entitled "*Lann v. Trinity Health, Chavies v. Catholic Health East* Settlement Term Sheet" dated December 7, 2015.

1.22.   "*Trinity*" shall mean:  Trinity Health Corporation, a non-profit corporation, including Catholic Health East ("CHE"), which merged into Trinity Health Corporation on July 1, 2014; its subsidiaries, predecessors, and successors; and any organization that is a member of the same controlled group as Trinity Health Corporation as of the Effective Date of Settlement.  Trinity Health will provide a list of these control group entities before the Effective Date of Settlement. For the purposes of this definition, an organization is a member of the same controlled group if it is under common control with Trinity Health Corporation pursuant to Treas. Reg. § 1.414(c)-5(b).

2.      RECITALS

2.1.    In the Complaints, Plaintiffs allege causes of action on behalf of the Settlement Class arising under ERISA §§ 101, 104, 105, 302, 402, 403, 406, and 502(a).

2.2.    Plaintiffs allege and seek declaratory relief that the Plans are not Church Plans within the meaning of ERISA § 3(33) and thus are subject to the provisions of Title I and Title IV of ERISA.  Plaintiffs allege that Defendants (a) violated ERISA's reporting and disclosure provisions; (b) failed to adhere to ERISA's required minimum funding standards for the Plans; (c) failed to establish the Plans pursuant to a written instrument meeting the requirements of ERISA § 402; and (d) failed to establish a trust meeting the requirements of ERISA § 403. Plaintiffs allege that Defendants breached fiduciary duties owed to the Plans' participants and beneficiaries, including Plaintiffs.  Plaintiffs also allege that the Church Plan exception, as claimed by Defendants, violates the Establishment Clause of the First Amendment of the United States Constitution.  Defendants deny each and every allegation and assert that Trinity is associated with and controlled by the Roman Catholic Church and the Plans are Church Plans exempt from ERISA.

2.3.    On March 28, 2014, the *Chavies* Court issued an opinion denying Defendants' Motion to Dismiss without prejudice.  *Chavies, et al. v. Catholic Health East, et al.,* No. 13-1645 (Dkt. No. 67).  The Parties then engaged in substantial discovery.  On January 1, 2015, the *Chavies* Court stayed the proceedings pending the Third Circuit's decision in the related Church Plan case, *Kaplan v. Saint Peters Healthcare System. Id.* (Dkt. No. 80).

2.4.    On February 24, 2015, the *Lann* Court granted Defendants' partial motion to dismiss and held that ERISA § 3(33), 29 U.S.C. § 1002(33), permits an organization that is "controlled by or associated with a church or convention of churches" to establish a Church Plan. *See Lann v. Trinity Health Corp.*, No. CV PJM 14-2237, 2015 WL 6468197, at *1 (D. Md. Feb. 24, 2015). The Parties completed briefing as to a second motion to dismiss on the remaining issues of whether Trinity is controlled by or associated with a church and whether application of the church plan exemption to Trinity's defined benefit pension plan violated the Establishment Clause of the First Amendment.  The hearing of this second motion to dismiss was stayed while the Parties negotiated this settlement.

2.5.    Defendants deny any and all liability to Plaintiffs, members of the Settlement Class and/or the Plans, and deny any and all allegations of wrongdoing made in the Actions. Defendants aver that the Plans, including Plans administered on behalf of entities that are no longer operating, have been and continue to be properly administered as Church Plans under the appropriate Plans' terms and as defined in ERISA § 3(33), exempt from coverage under ERISA. This Settlement is not evidence of liability of any type.  Nothing in this Settlement Agreement eliminates or restricts Trinity's argument that Trinity constitutes a church for purposes of the Church Plan exemption.

2.6.    Defendants maintain that all beneficiaries of the Plans, and of Plans administered on behalf of entities that are no longer operating, have received and continue to receive all benefits they have been entitled to under the Plans and that disclosures to the Plans' participants have been comprehensive and continue to be consistent with the Plans' terms.

2.7.    Defendants maintain that Trinity's financial statements reflect that the Plans have been well funded historically, with contributions in recent years averaging not less than one hundred seventy-five million dollars ($175,000,000) per year.

2.8.    Defendants maintain that Trinity and CHE take the administration of the Plans very seriously and have operated and continue to operate the Plans as Church Plans in the best interests of their employees consistent with Plan documents and the core values of the Trinity and CHE organizations.  Defendants believe that the class members are better served with the Plans being maintained as Church Plans instead of ERISA plans.

2.9.    Defendants desire to resolve fully and settle with finality the Actions and all of Plaintiffs' Released Claims for themselves, the Settlement Class, and the Plans, thereby avoiding the risk, expense, inconvenience, burden, distraction and diversion of their personnel and resources, and uncertainty of outcome that is inherent in any litigation, associated with the Actions.

2.10.   Plaintiffs deny any and all theories of defense asserted in Defendants' Motions to Dismiss.  Plaintiffs aver that the Settlement is not evidence of their agreement with the holding of the Court in *Lann v. Trinity Health Corp.*, No. CV PJM 14-2237, 2015 WL 6468197, at *1 (D. Md. Feb. 24, 2015), nor does this Settlement in any way alter that holding, as Defendants

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

maintain that the Court ruled correctly in its decision.  Plaintiffs believe that the class members would be better served if the Plans were maintained as ERISA plans instead of as Church Plans.

2.11.   Class Counsel has conducted an extensive investigation into the facts, circumstances and legal issues associated with the allegations made in the Actions.  This investigation has included, *inter alia:*  (a) inspecting, reviewing and analyzing documents produced by or otherwise relating to Defendants and the Plans; (b) researching the applicable law with respect to the claims asserted in the Actions and the defenses and potential defenses thereto; (c) inspecting, reviewing and analyzing documents concerning the Plans and administration of the Plans; and (d) participating in lengthy settlement negotiations with Defendants' counsel, presided over by mediator Robert Meyer, Esq.

2.12.   Class Counsel's investigation also included confirmatory discovery as to the facts and circumstances related to (a) the individuals receiving a Lump Sum Payment (see Schedule B and § 8.1.3) and (b) the individuals receiving a Vesting Payment (see Schedule C and § 8.1.4).  Specifically, as part of this confirmatory discovery process, Defendants provided and Class Counsel reviewed documentary information and communicated with the individuals most knowledgeable about the determination of the appropriate people to be listed in Schedules B and C.

- For every individual listed on Schedule B receiving a Lump Sum Payment, Class Counsel confirmed that the Defendants included those participants who received a lump sum benefit calculated based on an interest rate higher than that specified under ERISA.  These individuals were limited to former employees of the following CHE facilities: the Systems Office, Watertown, and Sisters of Providence for CHE.

- For the individuals listed on Schedule C, Class Counsel reviewed the following data provided by Defendants: entity worked for, start date of employment for such entity, end date of employment for such entity, if re-employed by the same entity the start and end date of all reemployment periods.  The Schedule C population includes individuals who accrued between three and five years of vesting service in their respective Plan. Class Counsel sampled this data to confirm that the individuals listed on Schedule C had not accrued more than five years of vesting service under the relevant Plan such to render them vested under a final average pay calculation formula, and confirmed that Defendants were following the 1,000 hour requirement for one year of vesting service under the Plans.

- Class Counsel also interviewed the person most knowledgeable about the Lump Sum and Vesting Payments, proffered by Defendants, in order to determine the process by which Defendants ensured that the lists of individuals on Schedules B and C are complete and accurate, and to determine that Defendants applied the same methodology to each Plan.

5

Case 8:14-cv-02237-PJM   Document 195-3   Filed 08/01/16   Page 7 of 24

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

2.13.   Class Counsel believes that the Settlement will provide a benefit to the Settlement Class, and that, when that benefit is weighed against the attendant risks of continuing the prosecution of the Actions, the Settlement represents a reasonable, fair, and adequate resolution of the claims of the Settlement Class.  In reaching this conclusion, Class Counsel has considered, among other things, the risks of litigation; the time necessary to achieve a complete resolution through litigation; the complexity of the claims set forth in the Complaints; the ability of Defendants to withstand judgment; and the benefit accruing to the Plans' participants under the Settlement.

2.14.   Class Counsel believes that the Settlement will provide the Settlement Class with the bulk of the protections they would have received if the cases had been litigated to a conclusion and Plaintiffs had prevailed.

2.15.   Plaintiffs and Defendants have thus reached this Settlement by and through their respective counsel on the terms and conditions set forth here, which they have had a full and meaningful opportunity to consider with the advice of their respective counsel.

3.      CONDITIONS PRECEDENT TO EFFECTIVENESS OF THE SETTLEMENT

3.1.    *Effectiveness of This Settlement Agreement*.  This Settlement Agreement shall not become binding unless and until each and every one of the following conditions in §§ 3.2 through 3.8 shall have been satisfied.

3.2.    *Court Approval*.  The Settlement contemplated under this Settlement Agreement shall have been approved by the Court, as provided for in this § 3.2.  The Parties agree jointly to recommend to the Court that it approve the terms of this Settlement Agreement and the Settlement contemplated hereunder.  The Parties agree to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement, and any other steps or efforts which may become necessary by order of the Court (unless such order modifies the terms of this Settlement Agreement) or otherwise, to carry out this Settlement Agreement, including the following:

3.2.1   *Transfer and Consolidation*.  The *Chavies* court shall have granted the Parties' joint motion to transfer *Chavies* to the United States District Court for the District of Maryland and the *Lann* Court shall have consolidated *Chavies* with *Lann* for settlement purposes only.  In accordance with Section 10.3.1 below, if the settlement is not approved finally or there is an appeal that is not resolved, the Parties will move jointly to sever the two cases and will move jointly to return *Chavies* to the Eastern District of Pennsylvania.

3.2.2   *Motion for Preliminary Approval of Settlement and of Notices*.  The Court shall have approved the preliminary motion ("Preliminary Motion") to be filed by Plaintiffs as soon as practicable, and the Court shall issue an order (the "Preliminary Approval Order"), including a class notice to be drafted and agreed upon by the Parties (the "Class Notice"):

        (a)     Preliminarily approving this Settlement Agreement;

6

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

(b)     Directing the time and manner of the Class Notice; and

(c)     Finding that: (i) the proposed form of Class Notice fairly and adequately:
(A) describes the terms and effect of this Settlement Agreement and of the
Settlement, (B) gives notice to the Settlement Class of the time and place
of the hearing of the motion for final approval of this Settlement
Agreement, and (C) describes how the recipients of the Class Notice may
object to approval of this Settlement Agreement; and (ii) the proposed
manner of communicating the Class Notice to the members of the
Settlement Class is the best notice practicable under the circumstances.

3.2.3   *Class Certification.*

(a)     The Court shall have certified the Consolidated Action as a non-opt out
class action for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(1)
and/or (b)(2), with Named Plaintiffs as the named Settlement Class representatives, Cohen
Milstein Sellers & Toll, PLLC and Keller Rohrback L.L.P., as Class Counsel, and with a
"Settlement Class" as defined above.

(b)     The Parties agree to stipulate to certification of the consolidated action as
a non-opt out class action for settlement purposes only, pursuant to Federal Rules of Civil
Procedure 23(b)(1) and/or (b)(2), on the foregoing terms.  If the Settlement does not become
Final, then no Settlement Class will be deemed to have been certified by or as a result of this
Settlement Agreement, and the Actions will for all purposes revert to their statuses as of the day
immediately prior to the date on which the Term Sheet was executed.

3.2.4   *Issuance of Class Notice.*  On the date and in the manner set by the Court in its
Preliminary Approval Order, Trinity will cause notice of the Preliminary Approval Order to be
delivered to the Settlement Class in the form and manner approved by the Court.  The Parties
shall confer in good faith with regard to the form of the Class Notice in an effort to utilize cost
effective forms of notice.  The Parties agree, that the Preliminary Approval Order shall provide,
that the last known addresses for members of the Settlement Class in the possession of the Plan's
current record-keeper will suffice for all purposes in connection with this Settlement, including,
without limitation, the mailing of the Class Notice.  Trinity will pay the cost for notice to the
Settlement Class as part of the settlement administration.

3.2.5   *Internet/Publication of Class Notice.*  Class Counsel also shall have given Notice
by publication of the Settlement Agreement and Class Notice on
www.cohenmilstein.com/churchplansettlements.com and www.kellersettlements.com.

3.2.6   *The Fairness Hearing.*

(a)     On the date set by the Court in its Preliminary Approval Order, the Parties
shall participate in the hearing (the "Fairness Hearing") during or after

7

Case 8:14-cv-02237-PJM   Document 172-3   Filed 08/01/16   Page 9 of 23

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

which the Court will determine by order (the "Final Approval Order") whether: (i) this Settlement Agreement is fair, reasonable and adequate and should be approved by the Court; (ii) final judgment approving this Settlement Agreement should be entered ("Judgment"); (iii) the Settlement Class should be certified as a mandatory non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23; (iv) the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to members of the Settlement Class; (v) the requirements of the Class Action Fairness Act have been satisfied; (vi) to award Plaintiffs Incentive Fees and if so, the amount; and (vii) to award attorneys' fees and further expenses to Class Counsel and other attorneys who represent members of the Settlement Class and if so, the amounts.

(b)     The Parties covenant and agree that they will reasonably cooperate with one another in obtaining an acceptable Final Approval Order at the Fairness Hearing and will not do anything inconsistent with obtaining such a Final Approval Order.

3.2.7   *Motion for Final Approval of Class Action Settlement*.  On the date set by the Court in its Preliminary Approval Order, Plaintiffs shall have filed a motion (the "Final Approval Motion") for a Final Approval Order.  The Final Approval Motion shall seek the Court's finding that the Final Approval Order is a final judgment disposing of all claims and all Parties.

3.3.   *Finality of Final Approval Order*.  The Final Approval Order shall have become Final, as defined in § 1.10 of this Settlement Agreement.

3.4.   *Compliance with the Class Action Fairness Act*.  The Court shall have determined that Defendants complied with the Class Action Fairness Act of 2005 ("CAFA") and its notice requirements by providing appropriate federal and state officials with information about the Settlement.

3.5.   *Confirmatory Discovery*.  Plaintiffs' Counsel certifies that they have completed satisfactory confirmatory discovery which shows that: (1) the individuals listed on Schedule B are the proper population of individuals to receive the relief set forth in Section 8.1.3; and (2) the individuals listed on Schedule C are the proper population of individuals to receive the relief set forth in Section 8.1.4.

3.6.   *Dismissal of Consolidated Action*.  The Consolidated Action shall have been dismissed with prejudice as against Defendants on the Effective Date of Settlement.

3.7.   *Dismissal of United States of America*.  The United States of America shall have been dismissed with prejudice as a party to the Consolidated Action by Plaintiff, with the United

8

Case 8:14-cv-02237-PJM   Document 196-3   Filed 06/07/16   Page 10 of 24
*Lann v. Trinity Health, Chavies v. Catholic Health East*
Settlement Agreement
April 26, 2016

States and Plaintiffs to each bear their own attorney's fees and costs, except only as provided by this Agreement.

3.8.    *No Termination.*  The Settlement shall not have terminated pursuant to § 10 below.

3.9.    *Materiality of Settlement Agreement Conditions.*  The Parties expressly acknowledge that the effectiveness of this Settlement Agreement is specifically conditioned upon the occurrence of each and every one of the foregoing conditions precedent prior to the Effective Date of Settlement, and that a failure of any condition set forth in §§ 3.1 through 3.8 above at any time prior to the Effective Date of Settlement shall make this Settlement Agreement, and any obligation to pay the amounts specified in § 8.1, or any portion thereof, null, void, and of no force and effect.

3.10.    *Establishment of Effective Date of Settlement.*  If Plaintiffs and Defendants disagree as to whether each and every condition set forth in § 3 has been satisfied, they shall promptly confer in good faith and, if unable to resolve their differences within five (5) business days thereafter, shall present their disputes for determination to Robert M. Meyer, the Parties' mediator, who shall retain jurisdiction for this purpose.  No portion of the Class Settlement Amount, the Lump Sum Payments, or the Vesting Payment shall be disbursed in the event of such a dispute pending the Court's ruling.  Disbursement shall thereafter be made pursuant to the Court's order.

4.    RELEASES AND COVENANT NOT TO SUE

4.1.    *Released Claims.*  Released Claims shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaints that were brought or could have been brought as of the date of the Settlement Agreement by any member of the Settlement Class, including any current or prospective challenge to the Church Plan status of the Plans.  Plaintiffs, on behalf of themselves and on behalf of the Settlement Class, hereby expressly waive and relinquish, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  Released Claims are not intended to include the release of any of the following:

4.1.1    Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement;

4.1.2    Claims for relief under state law pursuant to the terms of the Plans' documents, including but not limited to individual claims for benefits;

4.1.3    Should the Roman Catholic Church ever disassociate itself from a Plan's sponsor, as that term sponsor is defined in the respective Plan documents, any claim arising under ERISA with respect to any event occurring after such action by the Roman Catholic Church;

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

4.1.4    Any claim arising under ERISA with respect to any event occurring after the Internal Revenue Service issues a written ruling that a Plan does not qualify as a Church Plan; the United States Supreme Court holds that Church Plans must be established by a church or a convention or association of churches or the Church Plan exemption is unconstitutional; or an amendment to ERISA is enacted and becomes effective as a law of the United States specifying that a Church Plan must be established by a church or a convention or association of churches;

4.1.5    Nothing in the Term Sheet or Settlement Agreement eliminates or restricts Trinity's argument that it constitutes a church for purposes of the church plan exemption.

4.2.    *Release by Named Plaintiffs and Settlement Class.*  Subject to § 10 below, upon the Effective Date of Settlement, Named Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that Plaintiffs or the Settlement Class have.  The Settlement Class covenants and agrees: (i) not to file against any of the Releasees any claim based on, related to, or arising from any Released Claim; and (ii) that the forgoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

4.3.    *Defendants' Releases of Named Plaintiffs, the Settlement Class, and Class Counsel.* Subject to § 10 below, upon the Effective Date of Settlement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiffs, the Settlement Class and Class Counsel from any and all claims relating to the institution or prosecution of the Actions.

4.4.    *Releasees' Release of Other Releasees.*  Subject to § 10 below, upon the Effective Date of Settlement, each of the Releasees also releases each of the other Releasees from any and all Claims which were asserted in the Complaints or any pleading which would have been required to be filed in the Actions or that would be barred by principles of res judicata or collateral estoppel had the claims asserted in the Complaints or any such other pleading in the Actions been fully litigated and resulted in a Final judgment or order.

5.    COVENANTS

Named Plaintiffs, on their own behalf and on behalf of the members of the Settlement Class, the Plans, and Defendants, hereby covenant as follows:

5.1.    *Taxation of Settlement Payments.*  As set forth in sections 8.1.3 and 8.1.4, the Parties will act in good faith to attempt to minimize adverse tax consequences of the Settlement Payments to the recipients.  However, Named Plaintiffs acknowledge that Defendants, Releasees and any of their Representatives or Successors-In-Interest shall not have any responsibility for any taxes that may be due on the Class Settlement Amount, the Lump Sum Payments, the Vesting Payment, or on any funds that the Plans, members of the Settlement Class, or Named Plaintiffs receive from the Settlement Payments.  Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the Class Payments or any allocation or disbursement therefrom.

10

Case 8:14-cv-02237-PJM   Document 105-3   Filed 08/01/16   Page 12 of 23
*Lann v. Trinity Health, Chavies v. Catholic Health East*
Settlement Agreement
April 26, 2016

5.2.   *Non-Disparagement.*  The Parties, their counsel, and their agents shall refrain from making derogatory or disparaging comments as to the Settlement Agreement, Plaintiffs, Plaintiffs' Counsel, any Releasee, Defendants, the Plans, and/or Defendants' Counsel.

6.      REPRESENTATIONS AND WARRANTIES

6.1.   *Parties' Representations and Warranties.*

6.1.1   Named Plaintiffs represent and warrant that they have not assigned or otherwise transferred any interest in any Released Claims against any Releasee, and further covenant that they will not assign or otherwise transfer any interest in any Released Claims.

6.1.2   Named Plaintiffs represent and warrant that they shall have no surviving claim or cause of action against any of the Releasees for the Released Claims against them.

6.1.3   The Parties, and each of them, represent and warrant that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel; in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; except as expressly stated herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements or omissions pertaining to any of the foregoing matters by any other Party or its Representatives; and each Party assumes the risk of and unconditionally waives any and all claims or defenses arising out of any alleged mistake as to facts or law.

6.1.4   The Parties, and each of them, represent and warrant that they have carefully read the contents of this Settlement Agreement; they have made such investigation of the facts and law pertaining to this Settlement Agreement and all of the matters pertaining thereto as they deem necessary; and this Settlement Agreement is executed freely by each Person executing it on behalf of each of the Parties.

6.2.   *Signatories' Representations and Warranties.*  Each individual executing this Settlement Agreement on behalf of any other Person does hereby personally represents and warrants to the other Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal which such individual represents or purports to represent.

7.      NO ADMISSION OF LIABILITY

The Parties understand and agree that this Settlement Agreement embodies a compromise and settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding that ERISA governs the Plans and/or any wrongdoing by any of the Releasees as it pertains to the allegations of the Complaints.  This Settlement Agreement and the payments

11

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual. Moreover, the Releasees specifically deny any such liability or wrongdoing.

8.      SETTLEMENT PAYMENTS

8.1.    *The Class Settlement Amount.*

8.1.1   Pursuant to Paragraph 3 of the Term Sheet, Trinity will make an annual twenty-five million dollar ($25,000,000) contribution to the Plans for three years, totaling a seventy-five million dollar ($75,000,000) contribution. Trinity will make the first contribution sixty (60) days after the Final Approval Order approving the settlement becomes Final and non-appealable. Trinity will make the second and third contributions on the one-year anniversary of the first payment, although Trinity may choose to pre-pay any portion of the seventy-five million dollars ($75,000,000) prior to the end of the three year period with no penalty. The contributions will be allocated among the Plans in the sole discretion of Trinity.

8.1.2   The seventy-five million dollar ($75,000,000) contribution pursuant to § 8.1.1 above shall constitute the "Class Settlement Amount."

8.1.3   *Lump Sum Payments.* In addition to the payment made in Section 8.1.2, within thirty (30) days after the Final Approval Order approving the settlement becomes Final and non-appealable, Defendants will pay five hundred fifty dollars ($550.00) apiece to the 219 individuals identified on Schedule B who elected and received a lump sum distribution during the lump sum window period in 2014 (as defined by the Plans) to those individuals last known addresses. The Parties agree to act in good faith to attempt to minimize adverse tax consequences of the Settlement Payments to the recipients.

8.1.4   *Vesting Payment.* In addition to the payment made in Section 8.1.2, within thirty (30) days after the Final Approval Order approving the settlement becomes Final and non-appealable, Defendants will pay, on a pro rata basis, one million, three hundred thousand dollars ($1,300,000.00) to the 7,371 former participants in the Plans who left covered service under the Plans after completing at least three (3) but less than five (5) years of vesting service and who, as a result, allegedly forfeited a benefit accrued under a cash balance or pension equity formula. These former participants are identified on Schedule C of this Settlement Agreement and payment will be sent to those individuals last known addresses. If any portion of the $1,300,000 is not used, the unused balance will be paid to the Plans, to be allocated in the sole discretion of Trinity. The Parties will act in good faith to attempt to minimize adverse tax consequences of the Settlement Payments to the recipients.

8.1.5   *Payment to Plaintiffs' Counsel.* Defendants will not oppose Plaintiffs' application to the Court for an award of attorney fees, out of pocket expenses, and Incentive Fees for Plaintiffs, the aggregate of which shall not exceed eight million dollars ($8,000,000). Defendants will cause this award to be paid in addition to the payments described in §§ 8.1.1,

12

Case 8:14-cv-02237-PJM   Document 102-2   Filed 04/01/16   Page 14 of 24

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

8.1.3, and 8.1.4 of this Settlement Agreement. Plaintiffs' Counsel's attorney fees, expenses, and Incentive Fees for Plaintiffs will be subject to the discretion and approval of the District Court. Thirty (30) days after the Order approving the settlement becomes Final and non-appealable, Trinity will pay Plaintiffs' Counsel the maximum of eight million dollars ($8,000,000) or any lesser amount as ordered by the Court in its discretion.

      8.1.6   *Application for Fees, Expenses, and Incentive Fees for Plaintiffs*. As provided in § 8.1.5 above, thirty (30) days after the Order approving the settlement becomes Final and non-appealable, Trinity shall pay Plaintiffs' Counsel the amount specified in § 8.1.5. Class Counsel shall petition the Court no later than thirty-one (31) days prior to the Fairness Hearing for an award of attorneys' fees and costs and Incentive Fees for Plaintiffs, as specified in § 8.1.5. Defendants, their Representatives and Successors-In-Interest expressly agree not to contest or take any position with respect to any application for attorneys' fees, expenses, and Incentive Fees for Plaintiffs, and acknowledge that these matters are left to the sound discretion of the Court.

8.2.   *Cost of Notice*. Trinity shall pay the cost for class notice in addition to the amounts specified in § 8.1.

8.3.   *Sole Monetary Contributions*. The payments provided for in § 8.1 and § 8.2 shall be the full and sole consideration made by or on behalf of the Releasees in connection with the Actions and this Settlement Agreement. The amount specified in §8.1.5 specifically satisfies any claims for costs and attorneys' fees by Class Counsel and claims for Incentive Fees to Plaintiffs. Except as set forth above, the Parties shall bear their own costs and expenses (including attorneys' fees).

9.   AGREED UPON PLAN PROVISIONS.

9.1.   *Scope*. The provisions of the Settlement Agreement shall apply to all Plans. Each of the Plans as defined in § 1.14 is referred to singularly as a Plan.

9.2.   *Benefits Commitment*. For a period of fifteen (15) years commencing on the Effective Date of Settlement, and provided that Trinity (or an entity controlled by Trinity) continues to sponsor the Plans, Trinity will guarantee the Plans have sufficient funds to pay the accrued benefits payable to Participants under the terms of the Plans. Trinity may, however, terminate and/or annuitize some or all benefits provided by any of the Plans as long as there are sufficient assets to meet the accrued benefits (as defined by the relevant Plan), earned by participants at the time of Plan termination or benefit annuitization.

9.3.   *Plan Mergers*. For a period of fifteen (15) years commencing on the Effective Date of Settlement, if any Plan is merged with or into another Plan, participants in all merged Plans will be entitled to the same (or greater) benefits post-merger as they enjoyed before the merger.

9.4.   *Plan Amendments*. For a period of fifteen (15) years commencing on the Effective Date of Settlement, no amendment to a Plan shall decrease the accrued benefit of any participant in that Plan.

*Lann v. Trinity Health, Chavies v. Catholic Health East*
Settlement Agreement
April 26, 2016

9.5.    *Plan Administration.*  To the extent not already addressed in the Plan documents, the Plan documents shall:  (a) name a fiduciary; (b) provide a procedure for establishing and carrying out the current funding policy and method; (c) describe a procedure for allocation of administration responsibilities; (d) provide a procedure for plan amendments and identifying the persons with authority to make such amendments; (e) specify the basis on which payments are made to and from the Plans; and (f) provide one or more joint and survivor annuity payment option for participants and their spouses.

9.6.    *Summary Plan Descriptions.*  The Plans' summary plan descriptions ("SPDs") shall be posted electronically within two (2) months of the time that the Order approving the settlement becomes Final and non-appealable.  The SPDs will exclude any information about ERISA rights and will include information that the Plans are exempt from ERISA as Church Plans, including that the Plans' benefits are not insured by the Pension Benefit Guaranty Corporation.  The SPDs will make clear that the Plans are Church Plans.  The SPDs will be in the same format as they are now written.  The SPDs will not comply with ERISA § 102; if a participant sends a written request for a written SPD, a written SPD will be provided in hard copy at the expense of the participant.

9.7.    *Other Plan Information.*  The Plans will make available electronically pension benefit statements and/or current benefit values and/or financial statements (the content of said communications to be determined solely by Trinity), or on request and at the expense of the participant, paper copies of such documents summarizing the following information:

9.7.1    Pension Benefit Statements.  The Plans shall provide electronic pension benefit statements in the format determined by the Plans annually.

9.7.2    Current Benefit Values.  The Plans will respond to requests from participants for current benefit values information, as determined solely by Trinity, within thirty (30) days after receiving a written request from a participant.  However, the Plan may unilaterally extend its deadline to respond by an additional thirty (30) days, by providing written notice to the participant.

9.8.    *Plans' Claim Review Procedure.*  The Plans' claim review procedures, which shall be included as part of summary plan descriptions, shall state: (a) the identity of the person or entity to whom a claim should be addressed; (b) the time period for filing a claim; (c) the information that must be provided in support of the claim; (d) if a claim is denied, in whole or in part, the person to whom an appeal should be sent; (e) the time period for filing a claim appeal; (f) the information the claimant must provide in support of an appeal; and (g) any statute of limitation period for filing a benefits related claim.

9.9.    *Continuing Obligations.*  Any continuing obligations hereunder agreed to by Trinity shall cease if the United States Supreme Court holds that retirement plans such as the Plans are not eligible for the Church Plan exemption from ERISA or that Church Plans are limited to plans

14

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

established by churches or the IRS determines that the Plans do not qualify for the Church Plan exemption.

10.   TERMINATION OF THE SETTLEMENT AGREEMENT

10.1.   *Termination By Defendants*.  Defendants may terminate this Settlement Agreement if, before the issuance of the Final Approval Order, the U.S. Department of Justice files any objection to the Settlement Agreement or Settlement in any court, brings a claim against any of the Releasees, or notifies any Releasee that it intends to file such a claim.  Defendants also may terminate this Settlement Agreement if, before the issuance of the Final Approval Order, a member of the Settlement Class brings a claim against any of the Releasees, or notifies any Releasee that it intends to file such a claim.

10.2.   *Automatic Termination*.  This Settlement Agreement shall automatically terminate, and thereupon become null and void, in the following circumstances:

10.2.1  If the *Chavies* court declines to grant the Parties' joint motion to transfer *Chavies* to the United States District Court for the District of Maryland or if the *Lann* Court declines to grant the Parties' joint motion to consolidate *Chavies* with *Lann* for settlement.

10.2.2  If the Court declines to approve the Settlement, and if such order declining approval has become Final, then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the date that any such order becomes Final, provided, however, that if the Court declines to approve the Settlement for any reason, the Parties shall negotiate in good faith to cure any deficiency identified by the Court, and further provided that if necessary to cure any such deficiency, Class Counsel shall re-submit within a reasonable time the Preliminary or Final Approval Motion with an additional or substitute member of the Settlement Class as a named Class Representative.

10.2.3  If the Court issues an order in the Consolidated Action modifying the Settlement Agreement, and if within thirty-one (31) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Court or by the Parties, then, provided that no Review Proceeding is then pending from such ruling, this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first day after issuance of the order referenced in this § 10.2.2.

10.2.4  If the Fourth Circuit reverses the District Court's order approving the Settlement, and if within ninety-one (91) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Fourth Circuit or by the Parties, then, provided that no Review Proceeding is then pending from such ruling, this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the ninety-first day after issuance of the Fourth Circuit order referenced in this § 10.2.3.

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

10.2.5  If the Supreme Court of the United States reverses or remands a Fourth Circuit order approving the Settlement, and if within thirty-one (31) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Supreme Court or by the Parties, then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first day after issuance of the Supreme Court order referenced in this § 10.2.4.

10.2.6  If a Review Proceeding is pending of an order declining to approve the Settlement Agreement or modifying this Settlement Agreement, this Settlement Agreement shall not be terminated until Final resolution or dismissal of any such Review Proceeding, except by written agreement of the Parties.

10.3.  *Consequences of Termination of the Settlement Agreement*.  If the Settlement Agreement is terminated and rendered null and void for any reason, the following shall occur:

10.3.1  The Actions shall for all purposes with respect to the Parties revert to their status as of the day immediately prior to the execution of the Term Sheet.  The Parties will move to sever the two cases and will move jointly to return *Chavies* to the Eastern District of Pennsylvania.

10.3.2  All Releases given or executed pursuant to the Settlement Agreement shall be null and void; none of the terms of the Settlement Agreement shall be effective or enforceable; neither the fact nor the terms of the Settlement Agreement shall be offered or received in evidence in the Actions or in any other action or proceeding for any purpose, except in an action or proceeding arising under this Settlement Agreement.

11.  MISCELLANEOUS PROVISIONS

11.1.  *Jurisdiction*.  The Court shall retain jurisdiction over all Parties, the Consolidated Action, and this Settlement Agreement to resolve any dispute that may arise regarding this Settlement Agreement or the orders and notice referenced in § 3 above, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement and no Party shall oppose the reopening and reinstatement of the Consolidated Action on the Court's active docket for the purposes of effecting this § 11.1.

11.1.1  Robert Meyer, mediator in the Actions, will act as the final arbiter of any disagreements as to language and confirmatory discovery regarding the Settlement Agreement.

11.2.  *Governing Law*.  This Settlement Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case Maryland law will apply without regard to conflict of law principles.

11.3.  *Severability*.  The provisions of this Settlement Agreement are not severable.

16

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

11.4.   *Amendment.*  Before entry of a Final Approval Order, any common law to the contrary notwithstanding, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties.  Following entry of a Final Approval Order, any common law to the contrary notwithstanding, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties, and approved by the Court.

11.5.   *Waiver.*  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party.  The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach of this Settlement Agreement, whether prior, subsequent, or contemporaneous with this Settlement Agreement.

11.6.   *Construction.*  None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against a drafter.

11.7.   *Principles of Interpretation.*  The following principles of interpretation apply to this Settlement Agreement:

   11.7.1 *Headings.*  The headings of this Settlement Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

   11.7.2 *Singular and Plural.*  Definitions apply to the singular and plural forms of each term defined.

   11.7.3 *Gender.*  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

   11.7.4 *References to a Person.*  References to a Person are also to the Person's permitted successors and assigns.

   11.7.5 *Terms of Inclusion.*  Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

11.8.   *Further Assurances.*  Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

11.9.   *Survival.*  All representations, warranties and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

17

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

11.10. *Notices.* Any notice, demand or other communication under this Settlement Agreement (other than notices to members of the Settlement Class) shall be in writing and shall be deemed duly given if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier:

A.   IF TO NAMED PLAINTIFF:

Karen L. Handorf
Michelle C. Yau
Mary J. Bortscheller
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., NW, Suite 500 West
Washington, DC 20005
Fax: (202) 408-4699

Lynn Lincoln Sarko
Ron Kilgard
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Fax: (206) 623-3384

B.   IF TO DEFENDANTS:

Howard Shapiro
Stacey C.S. Cerrone
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA  70130
Fax:  (504) 310-2022

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

11.11. *Entire Agreement.* This Settlement Agreement contains the entire agreement among the Parties relating to the settlement of the Actions.  It specifically supersedes any settlement terms or settlement agreements relating to Defendants that were previously agreed upon orally or in writing by any of the Parties, including the terms of the Term Sheet and any and all discussions, representations, warranties or the like prior to the Effective Date of Settlement.

11.12. *Counterparts.* This Settlement Agreement may be executed by exchange of faxed or emailed executed signature pages, and any signature transmitted by facsimile for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  This Settlement Agreement may be executed in two or more

18

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.13. *Binding Effect.* This Settlement Agreement binds and inures to the benefit of the parties hereto, their assigns, heirs, administrators, executors and Successors-in-Interest.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below.

19

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

---

### *FOR NAMED PLAINTIFFS AND THE SETTLEMENT CLASS*

Dated this the 26th day of April, 2016.

By: _____
Karen L. Handorf
Michelle C. Yau
Mary J. Bortscheller
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., NW, Suite 500 West
Washington, DC 20005

Lynn L. Sarko
Ron Kilgard
Havila C. Unrein
Laurie B. Ashton
Matthew M Gerend
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

*Class Counsel*

20

55869726v2

*Lann v. Trinity Health, Chavies v. Catholic Health East*
**Settlement Agreement**
**April 26, 2016**

---

*FOR ALL DEFENDANTS*

        Dated this the 26th day of April, 2016.

By: _____
Howard Shapiro
Robert W. Rachal
Stacey C.S. Cerrone
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130

*Attorneys for Defendants*

21

*Lann v. Trinity Health, Chavies v. Catholic Health East*
Settlement Agreement
**April 26, 2016**

Dated this the 26th day of April, 2016.

By: _____

Brian T. Ortelere
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5150 / Fax: +1.215.963.5001
Email: bortelere@morganlewis.com

*Attorneys for Defendants*

22

55869726v2

**SCHEDULE A TO THE SETTLEMENT AGREEMENT**

*Lann, et al. v. Trinity Health Corp., et al. and Chavies, et al. v. Catholic Health East, et al.*

Trinity Health Pension Plan

Trinity Health Pension Plan - Sisters of the Holy Cross Sponsored Ministries

Retirement Plan for Employees of the University of Detroit Mercy

Catholic Health East Employee Pension Plan

Pension Plan of Mercy Health System for Collectively Bargained Colleagues

Group Pension Plan for Employees of Mercy Center for Health Services

Pension Plan for Employees of St. Mary's Hospital Corporation

Pension Plan for Employees of Uihlein Mercy Center, Inc.

Mercy Life Center Corporation Pension Plan