# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANITA LANN, et al., | ) |
|       Plaintiffs, | ) Civil Action No.: 14-cv-2237 (PMJ) |
| v. | ) |
| TRINITY HEALTH CORPORATION, et al., | ) |
|       Defendants. | ) |

**[PROPOSED] FIRST ADDENDUM TO THE
APRIL 26, 2016 CLASS ACTION SETTLEMENT AGREEMENT**

      This FIRST ADDENDUM TO THE APRIL 26, 2016 CLASS ACTION SETTLEMENT AGREEMENT ("Addendum") is entered into by and between Plaintiffs and Defendants (collectively, the "Parties"). All capitalized terms and phrases shall have the meanings specified in the Settlement Agreement executed by the Parties on April 26, 2016 ("Settlement Agreement").

      The Parties hereby agree that the following paragraphs shall supersede and replace the language found at Sections 1.19, 2.13, 8.1.1 and 8.1.3 of the Settlement Agreement. The Parties further agree that two additional paragraphs, numbered Section 4.1.6 and 8.1.7 shall be appended and that the attached chart shall be incorporated as Schedule D to the Settlement Agreement. These paragraphs and Schedule D shall operate, together with the Settlement Agreement, as the entire agreement between the Parties.

      1.19.  "Settlement Class" shall mean: All who were participants (whether vested or non-vested) in or beneficiaries of the Plans on or before the Effective Date of Settlement (the "Class Period"). The Settlement Class shall consist of the following three, non-overlapping groups:

      1.19.1  "Group A" shall mean the approximately 249,077 members of the Settlement Class who are current participants in the CHE- and Trinity-sponsored Plans listed on Schedule A to this Agreement, including retirees currently receiving benefits.

      1.19.2  "Group B" shall mean the 219 members of the Settlement Class who are identified on Schedule B to this Agreement who elected and received a lump sum distribution during the lump sum window period in 2014 (as defined by the Plans).

1.19.3 "Group C" shall mean the 7,371 members of the Settlement Class who are identified on Schedule C to this Agreement. These individuals are former participants in the Plans who left covered service under the Plans after completing at least three (3) but less than five (5) years of vesting service and who, as a result, allegedly forfeited a benefit accrued under a cash balance or pension benefit equity formula.

2.13. Class Counsel believes that the Settlement will provide a benefit to the Settlement Class. Specifically, with respect to the individuals in Group A, the Settlement provides significant funding to the Plans as well as ERISA-like protections for fifteen years. For the 219 individuals identified on Schedule B, a $1,600 payment to each member of Group B represents approximately 50% of the median value of that claim. For the 7,371 individuals identified on Schedule C, the median for this diverse population cannot be accurately determined from the data available. Class Counsel understands from Defendants that the necessary records date back to the 1970s and involve multiple plans with differing benefit formulae from more than 70 separate employers, and, in some instances, is incomplete. Given the significant challenges to obtaining the relevant data for the Plans, even if the data has been available, and it is not, it would have been prohibitively expensive and time-consuming to calculate the median for this population. Thus, Class Counsel negotiated an aggregate sum of $1.3 million to be divided among Group C class members equally. When these benefits are weighed against the attendant risks of continuing the prosecution of the Actions, the Settlement represents a reasonable, fair, and adequate resolution of the claims of the Settlement Class. In reaching this conclusion, Class Counsel has considered, among other things, the risks of litigation; the time necessary to achieve a complete resolution through litigation; the complexity of the claims set forth in the Complaints; the ability of Defendants to withstand judgment; and the benefit accruing to the Plans' participants under the Settlement.

\*\*\*

4.1.6 Schedule D to the Settlement Agreement describes the impact of the events described in Sections 4.1.3 and 4.1.4, above, on the Released Claims and the Defendants' obligations under the Settlement.

\*\*\*

8.1.1 Pursuant to Paragraph 3 of the Term Sheet, Trinity will make an annual twenty-five million dollar ($25,000,000) contribution to the Plans for three years, totaling a seventy-five million dollar ($75,000,000) contribution. Trinity will make the first contribution thirty (30) days after the Final Approval Order approving the Settlement becomes Final and non-appealable, regardless of whether before or after the Settlement becomes Final: the IRS issues any written ruling regarding the Plans, and/or how the U.S. Supreme Court may decide the following cases currently pending on its docket: *Advocate Health Care Network v. Stapleton*, No. 16-74; *Saint Peter's v. Kaplan*, No. 16-86; *Dignity Health v. Rollins*, No. 16-258. Trinity will make the second and third contributions on the one-year anniversary of the first payment, although Trinity may choose to pre-pay with no penalty. The contributions will be allocated among the Plans at the sole discretion of Trinity.

\*\*\*

8.1.3   *Lump Sum Payments*.  Within thirty (30) days after the Final Approval Order approving the Settlement becomes Final and non-appealable, Defendants will pay one thousand six hundred dollars ($1,600.00) apiece to the 219 individuals identified on Schedule B who elected and received a lump sum distribution during the lump sum window period in 2014 (as defined by the Plans), mailed to those individuals' last known addresses.

*\*\*\**

8.1.7   *Contingency Occurrence Before or After Final Approval.* If any of the events described in Sections 4.1.3 or 4.1.4 of the Settlement Agreement occur before or after the Settlement is finally approved by the Court and becomes non-appealable, Defendants will: a) make the first $25 million contribution to the Plans; b) pay the Lump Sum and Vesting Payments to Groups B and C; and c) pay the amounts awarded by the Court as attorney's fees and costs and incentive fees. There will be no claw-back as to any of these amounts.

**FOR PLAINTIFFS AND THE SETTLEMENT CLASS**

Dated this 30th day of January, 2017.

By: _____
Karen L. Handorf
Michelle C. Yau
Mary J. Bortscheller
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., NW, Suite 500 West
Washington, DC 20005

Lynn L. Sarko
Ron Kilgard
Havila C. Unrein
Laurie B. Ashton
Matthew M Gerend
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

*Class Counsel*

Case 8:14-cv-02237-PJM Document 96-1 Filed 01/30/17 Page 4 of 4

By: _____
Howard Shapiro
Robert W. Rachal
Stacey C.S. Cerrone
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130

Brian T. Ortelere
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5150 / Fax: +1.215.963.5001
Email: bortelere@morganlewis.com

*Attorneys for Defendants*

68009593v4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**ANITA LANN, et al.,**

    **Plaintiff,**   *

v.   *   Case No. 14-CV-2237 (PJM)

**TRINITY HEALTH CORPORATION**   *

    **Defendant.**   *

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒ Schedule B which is an attachment to the Settlement Agreement will be filed with the Clerk's Office as a PDF document within 24 hours of the filing of this Notice so that it may be electronically filed under seal.

☐ _____

    (title of document)

will be filed with the Clerk's Office as a PDF document within 24 hours of the filing of this Notice so that it may be electronically filed under seal.

I certify that at the same time I am filing this Notice, I will serve copies of the document identified above by _email_____.

| | |
|---|---|
| January 30, 2017 | /s/ Adam Heider Farra |
| Date | Signature |
| | Adam Heider Farra    18599 |
| | Printed Name and Bar Number |
| | Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue N.W.<br>Suite 500, Washington, DC 20005 |
| | Address |
| | afarra@cohenmilstein.com |
| | Email Address |
| | 202/408-4600 |
| | Telephone Number |
| | 202/408-4699 |
| | Fax Number |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ANITA LANN, et al.,**
                                 \*

       **Plaintiff,**

                                 \*

  v.                               Case No. 14-CV-2237 (PJM)

                                 \*

**TRINITY HEALTH**
**CORPORATION**                 \*

      **Defendant.**        \*

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒    Schedule C which is an attachment to the Settlement Agreement will be filed with the Clerk's Office as a PDF document within 24 hours of the filing of this Notice so that it may be electronically filed under seal.

☐    _____
                                (title of document)

will be filed with the Clerk's Office as a PDF document within 24 hours of the filing of this Notice so that it may be electronically filed under seal.

I certify that at the same time I am filing this Notice, I will serve copies of the document identified above by e-mail.

| | |
|---|---|
| January 30, 2017 | /s/Adam Heider Farra |
| Date | Signature |
| | |
| | Adam Heider Farra – Bar # 18599 |
| | Printed Name and Bar Number |
| | |
| | Cohen Milstein Sellers & Toll PLLC |
| | 1100 New York Avenue, N.W. |
| | East Tower, STE. 500 |
| | Washington, DC 20005 |
| | Address |
| | |
| | afarra@cohenmilstein.com |
| | Email Address |
| | |
| | 202-408-4600 |
| | Telephone Number |
| | |
| | 202-408-4699 |
| | Fax Number |

**Schedule D**

| Contingency | Impact on Released Claims<br>Groups A, B, C | Impact on Obligations | | |
|---|---|---|---|---|
| | | Group A | Group B | Group C |
| The **IRS** issues a written ruling that the Trinity Health Plans do not qualify as church plans under the IRS Code | The Settlement Agreement's stipulated release of claims becomes void prospectively and participants are deemed to have not released ERISA claims prospectively against Defendants arising out of events taking place after such IRS action | • Defendants' continuing obligations are <u>terminated</u> including the equitable consideration tracking certain provisions of ERISA<br>• Defendants may decide to comply with ERISA. If not, participants <u>may need</u> to seek relief in court<br>• The first $25 million contribution will be made, even if the IRS rules as indicated before the first contribution is made<br>• If the IRS ruling is issued after the first payment is made, Defendants <u>cannot claw back</u> the $25 million<br>• If the IRS ruling is issued after the second payment is made, Defendants <u>cannot claw back</u> the $50 million<br>• If the IRS ruling is issued after the third payment is made, Defendants <u>cannot claw back</u> the $75 million | No impact | No impact |
| The **IRS** issues a written ruling that the Plans do qualify as church plans under the IRS Code | No impact | No impact | No impact | No impact |

68009714v3

| **Contingency** | **Impact on Released Claims** <br> Groups A, B, C | **Impact on Obligations** <br> Group A | Group B | Group C |
|---|---|---|---|---|
| The **Supreme Court** holds that the church plan exemption is unconstitutional | The Settlement Agreement's stipulated release of claims becomes void prospectively and participants are deemed to have <u>not</u> released ERISA claims prospectively against Defendants arising out of events taking place after such a Supreme Court decision | • Defendants' continuing obligations are terminated including the equitable consideration tracking certain provisions of ERISA <br> • Defendants may decide to comply with ERISA. If not, participants <u>may need</u> to seek relief in court <br> • The first $25 million contribution will be made no matter how or when the Supreme Court resolves the pending Church Plan cases <br> • If the ruling is issued after the first payment is made, Defendants <u>cannot claw back</u> the $25 million <br> • If the ruling is issued after the second payment is made, Defendants <u>cannot claw back</u> the $50 million <br> • If the ruling is issued after the third payment is made, Defendants <u>cannot claw back</u> the $75 million | No impact | No impact |
| The **Supreme Court** holds that the church plan exemption is <u>constitutional</u> but that a church plan <u>must be</u> established by a church, convention, or association of churches, which would have to be determined on a case-by-case basis | The Settlement Agreement's stipulated release of claims becomes void prospectively and participants are deemed to have <u>not</u> released ERISA claims prospectively against Defendants arising out of events taking place after such a Supreme Court decision | • Defendants' continuing obligations are terminated including the equitable consideration tracking certain provisions of ERISA <br> • Defendants may decide to comply with ERISA. If not, participants <u>may need</u> to seek relief in court <br> • The first $25 million contribution will be made no matter how or when the Supreme Court resolves the pending Church Plan cases <br> • If the ruling is issued after the first payment is made, Defendants <u>cannot claw back</u> the $25 million <br> • If the ruling is issued after the second payment is made, Defendants <u>cannot claw back</u> the $50 million <br> • If the ruling is issued after the third payment is made, Defendants <u>cannot claw</u> back the $75 million | No impact | No impact |
| The **Supreme Court** holds that the church | No impact | No impact | No impact | No impact |

2

68009714v3

| Contingency | Impact on Released Claims Groups A, B, C | Impact on Obligations Group A | Group B | Group C |
|---|---|---|---|---|
| plan exemption is constitutional and that a church plan need not be established by a church, convention, or association of churches | | | | |
| The Roman Catholic Church disassociates itself from Trinity Health Corporation | The Settlement Agreement's stipulated release of claims becomes void prospectively and participants are deemed to have not released ERISA claims prospectively against Defendants arising out of events taking place after such action by the Roman Catholic Church | No impact | No impact | No impact |
| The Roman Catholic Church confirms its association with Trinity Health Corporation | No impact | No impact | No impact | No impact |
| Congress amends ERISA to specify that a church plan must be established by a church or a convention or association of churches, | The Settlement Agreement's stipulated release of claims becomes void prospectively and participants are deemed | No impact | No impact | No impact |

3

68009714v3

| Contingency | Impact on Released Claims<br>Groups A, B, C | Impact on Obligations | | |
|---|---|---|---|---|
| | | Group A | Group B | Group C |
| which would have to be determined on a case-by-case basis | to have not released ERISA claims prospectively against Defendants arising out of events taking place after such Congressional action | | | |
| **Congress** otherwise amends or does not amend ERISA | No impact | No impact | No impact | No impact |

4

68009714v3