UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

GREENBELT DIVISION

| | | |
|---|---|---|
| ANITA LANN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 14-cv-2237(PJM) |
| | ) | |
| v. | ) | |
| | ) | |
| TRINITY HEALTH | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF BENJAMIN M. SAPER

BENJAMIN M. SAPER, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an associate in the law firm of Proskauer Rose LLP, counsel to Defendants Trinity Health Corporation, et al. ("Defendants"), in the above-captioned matter.

2. I submit this Declaration detailing Defendants' compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA").

3. Attached hereto as Exhibit 1 is a true and correct copy of the letter sent pursuant to CAFA ("CAFA Notice") on August 10, 2017, to the United States Attorney General. *See* 28 U.S.C. § 1715(a)(1). A substantially similar letter was sent to the Attorney General for all fifty United States, the District of Columbia and the United States Territories. *See* 28 U.S.C. § 1715(a)(2).[1]

---

[1] We will make available for the Court's review, upon request, all of the CAFA Notices sent.

4. As required by 28 U.S.C. § 1715(b), the CAFA Notice provided: (i) the definition of the Settlement Class; and (ii) a reasonable estimate of the number of class members in each state based on the residency of participants of the employee benefit plans at issue in this action. Enclosed with the CAFA Notice were copies of: (i) the Class Action Complaints; (ii) the Motion for Preliminary Approval, (iii) Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval, (iv) the Declaration of Michelle Yao in Support of the Motion for Preliminary Approval, which contains as exhibits copies of the Settlement Agreement, proposed preliminary and final orders, and the proposed notices to the class members; and (v) the Attorney's Fees and Expense Agreement. (See Exhibit 1).

5. In response to the CAFA Notice, the Office of the Attorney General of the State of Washington sent an email dated September 23, 2016, to Proskauer acknowledging receipt of the CAFA Notice. Attached hereto as Exhibit 2 is a true and correct copy of that email.

6. Other than the communication described in this Declaration, Proskauer has not received any communications from the recipients of the CAFA Notice.

7. To the best of my knowledge, Defendants have fully complied with CAFA and have satisfied all their obligations thereunder.

I declare under penalty of perjury that the foregoing statements are true and correct.

*[signature]*
BENJAMIN M. SAPER

Dated: April 12, 2017
New Orleans, Louisiana

# EXHIBIT 1



Proskauer Rose LLP   650 Poydras Street, Suite 1800   New Orleans, LA 70130-6146

Howard Shapiro
Member of the Firm
d 504.310.4085
f 504.310.2022
howshapiro@proskauer.com
www.proskauer.com

August 10, 2016

**By First Class Mail Return Receipt Requested**

Attorney General Loretta Lynch
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re:   *Lann, et al v. Trinity Health Corp.*, *et al.,* No. 14-2237, as consolidated with *Chavies, et al. v. Catholic Health East, et al.,* No. 16-1417;
United States District Court for the District of Maryland

Dear Attorney General Lynch:

Defendants Trinity Health Corporation, CHE Trinity Inc., and Catholic Health East, ("Defendants"), through undersigned counsel, write pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to give notice of a proposed settlement in the above-referenced matter.

On August 1, 2016, Plaintiffs' Counsel filed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"), Memorandum in Support of the Motion for Preliminary Approval, and Appendix.

The Settlement Agreement contemplates that the Court will certify a class, for settlement purposes only, defined as: All who were participants (whether vested or non-vested) in or beneficiaries of the Trinity Health Pension Plan, the Trinity Health Pension Plan - Sisters of the Holy Cross Sponsored Ministries, the Retirement Plan for Employees of the University of Detroit Mercy, the Catholic Health East Employee Pension Plan, the Pension Plan of Mercy Health System for Collectively Bargained Colleagues, the Group Pension Plan for Employees of Mercy Center for Health Services, the Pension Plan for Employees of St. Mary's Hospital Corporation, the Pension Plan for Employees of Uihlein Mercy Center, Inc., or the Mercy Life Center Corporation Pension Plan (the "Plans") on or before the Effective Date of Settlement.

Enclosed with this letter are copies of: (i) the Class Action Complaints; (ii) the Motion for Preliminary Approval; (iii) Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval; (iv) the Declaration of Michelle Yao in Support of the Motion for Preliminary Approval, which contains as exhibits copies of the Settlement Agreement, proposed preliminary and final orders, and proposed notices to the class members; and (v) Attorneys' Fees and Expense Agreement.

**Proskauer»**

Attorney General Loretta Lynch
August 10, 2016
Page 2

      Also enclosed is a table providing a reasonable estimate of the number of class members in each state. The Settlement Agreement calls for Trinity Health Corporation to contribute $75 million to the Plans for funding over three (3) years. The settlement also calls for certain agreed-upon plan provisions to be followed by the Plans. Because defined benefit plan trust funds hold assets collectively in trust for the benefit of all plan participants and beneficiaries, no specific portions of the $75 million are allocable to any single settlement class member.

      In addition to the $75 million total contribution to the Plans, Trinity Health Corporation will pay $550 each to 219 individual participants of the Plans who elected and received a lump sum distribution in 2014. Trinity Health Corporation will also pay $1.3 million, on a pro rata basis, to the 7,371 former participants in the Plans who left covered service under the Plans after completing at least three but less than five years of vesting service and who, as a result, allegedly forfeited a benefit accrued under a cash balance or pension equity formula.

      The Settlement Agreement also provides for the payment of up to $8 million, to be awarded in the Court's sole discretion, for Plaintiffs' Counsel's fees, Plaintiffs' expenses and/or incentive fees for certain Plaintiffs.

      There are no judicial hearings scheduled at this time. There are no other agreements between class counsel and counsel for Defendants, there are no final judgments or notices of dismissal in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

      We appreciate your time and attention to this matter. Please contact me with any questions or concerns.

Respectfully,

*/s/ Howard Shapiro*

Howard Shapiro

cc, via e-mail:

Karen L. Handorf, Esq.
Lynn L. Sarko, Esq.
Brian T. Ortelere, Jr., Esq.

**Proskauer»**

# EXHIBIT 2

**From:** ATG MI WA CAFA-PrivateCP Lawsuits [mailto:privatecpa@ATG.WA.GOV]
**Sent:** Friday, September 23, 2016 4:18 PM
**To:** Shapiro, Howard
**Subject:** RE: Matter # 10726793, Lann et al v. Trinity Health Corp

**Sent on behalf of Assistant Attorney General Kimberlee Gunning:**

Dear Mr. Shapiro:

This message acknowledges that we have received notice from you regarding the above mentioned case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C § 1715 (CAFA).

Thank you for bringing this matter to the attention of the Washington State Attorney General's Office, Consumer Protection Division.

Sincerely,

*Donnelle Brooke*
Paralegal
Office of the Attorney General
Consumer Protection Division
Phone-206-464-6562